**Ela F. DE CISNEROS,**
**Plaintiff–Appellant,**

v.

**Robert YOUNGER and Overall Construction, Incorporated, Lico Construction Company, Brillembourg Associates, River House Realty Corporation, Jeffrey Thomas, Calhoun Woodworking, Incorporated, London Electrical Contractors, Brown, Harris Stevens, Incorporated, Defendants–Appellees.**

**OVERALL CONSTRUCTION, INCORPORATED, Third–Party Plaintiff–Appellee,**

v.

**LICO CONSTRUCTION COMPANY, Brillembourg Associates, Riverhouse Realty Corporation, Jeffrey Thomas, Calhoun Woodworking, Incorporated, London Electrical Contractors, and Brown, Harris, Stevens, Incorporated, Defendants.**

No. 731, Docket 88–7902.

United States Court of Appeals, Second Circuit.

Argued Feb. 2, 1989.

Decided March 30, 1989.

Michael Conforti (Leahey & Johnson, New York City, of counsel), for defendants-appellees.

David J. Groth (Cozen and O'Connor, Philadelphia, Pa., Kenneth A. Bloom, O'Donnell, Fox & Gartner, New York City, of counsel), for plaintiff-appellant.

Before KAUFMAN, TIMBERS and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Plaintiff Ela F. de Cisneros appeals from a September 15, 1988 order of the United States District Court for the Southern District of New York (Mukasey, J.), staying the instant federal action under the doctrine of abstention until parallel state cases are resolved. In abstaining, the district court relied on the genre of abstention annunciated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). There, the Court recognized that, despite the presumption favoring the exercise of federal jurisdiction, abstention may be proper because of "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

This appeal presents the single issue of whether the district court abused its discretion when, under *Colorado River*, it refused to exercise its jurisdiction over Cisneros' suit. We hold that it did not, and affirm the order that stayed the federal litigation.

## FACTS

The facts are for the most part uncontroverted. When renovating her New York City cooperative apartment, appellant Cisneros commissioned defendant Robert Younger to paint and stain certain woodwork; Younger was an employee of Overall Construction (Overall) that had a certificate of insurance covering the renovation work. On December 3, 1985 a fire broke out in appellant's apartment, damaging it, the cooperative building, and some neighboring apartments. The fire allegedly resulted from the improper storage or failure to dispose of rags soaked in linseed oil and paint thinner, which Younger had used while staining wood in Cisneros' apartment the day before. A number of state court lawsuits followed. The first was a New York Civil Court action filed on July 24, 1986. In that case the plaintiff Hartford Accident and Indemnity Co. sued Cisneros and Younger for negligence on behalf of its assignor, a neighboring tenant in the cooperative.

Cisneros brought the now-stayed federal action against Younger in the Southern District of New York several months later on October 10, 1986 alleging negligence and breach of implied warranty. Jurisdiction rests on diversity (Cisneros is a citizen of Venezuela). 28 U.S.C. § 1332(a)(2) (1982). Appellant's claims alleged only state causes of action. Later, she amended her complaint to add Overall as a party defendant. In January 1988 Overall impleaded seven third-party defendants, and the following month made a motion in the

district court for a stay of the exercise of its jurisdiction on abstention grounds. The district court granted the motion and stayed the action. Cisneros urges on appeal that her discovery is ·complete, and portrays the federal action as far along, nearly ready for trial, though she concedes that the seven newly-joined third-party defendants are entitled to discovery on the issues of indemnity and contribution.

At least seven more state suits have followed Overall's joinder in the federal action. Except for the first action commenced July 1986, the other state actions were filed between eight and 14 months after the filing of the October 1986 federal action. Although the precise legal theories vary, each of the state actions—like their federal counterpart—seeks to determine liability and assess damages for the Cisneros fire. Essentially, the state causes of action are common law torts raising only issues of state law. In each action, save one, Cisneros has been named a defendant, and has cross-claimed against Overall—if it had also been named a defendant—or has impleaded it. Overall advises that all of the state actions have been consolidated before a single New York State Supreme Court Justice and depositions are scheduled to commence. Some written discovery has occurred, but from oral argument it seems clear that more discovery has been completed in the federal action than in the parallel state proceedings.

## DISCUSSION

■ We note at the outset that review of a district court's decision to stay a case on abstention grounds is limited to an abuse of discretion standard. *See Law Enforcement Ins. Co. v. Corcoran,* 807 F.2d 38, 40 (2d Cir.1986), *cert. denied,* 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987). The practical reason for this deference is that *Colorado River* abstention requires an *ad hoc* balancing of a number of factors, and the district court generally has a better seat for an overview of whether the exercise of federal jurisdiction should be postponed until after the state court litigation is completed.

■ There are several traditional categories of abstention. *See Younger v. Harris,* 401 U.S. 37, 43–57, 91 S.Ct. 746, 750–56, 27 L.Ed.2d 669 (1971) (pending state criminal proceeding); *Burford v. Sun Oil Co.,* 319 U.S. 315, 317–34, 63 S.Ct. 1098, 1099–1108, 87 L.Ed. 1424 (1943) (abstention appropriate to avoid interference with attempts to establish coherent state policy and issues of peculiarly local concern); *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 498, 61 S.Ct. 643, 644, 85 L.Ed. 971 (1941) (federal court should abstain to avoid unnecessary resolution of a constitutional issue that might be mooted by state court construction of a state law). In *Colorado River* the Supreme Court held that abstention may be called for in cases involving "exceptional circumstances" that do not fit neatly within the above enumerated categories. *See* 424 U.S. at 817, 96 S.Ct. at 1246. This doctrine was more fully developed in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). It now requires examination of six factors: (1) assumption of jurisdiction over a *res;* (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights.

In analyzing these factors, the Supreme Court admonishes that no single factor is necessarily decisive, and that the test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937; *see also Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. The first two factors are not implicated in this appeal, but the absence of jurisdiction over a *res,* and the convenience of the federal forum both point toward exercise of federal jurisdiction. *See Bethlehem Contracting Co. v. Lehrer/McGovern Inc.,* 800 F.2d 325, 327 (2d Cir.1986).

■ The basis of the district court's decision to abstain is the third factor—avoid-

ance of piecemeal litigation. Because the state and federal issues are "inextricably linked," the risk of such adjudication is real in this case and the district court properly abstained from allowing litigation to proceed in installments. *See General Reinsurance Corp. v. CIBA–GEIGY Corp.*, 853 F.2d 78, 81 (2d Cir.1988). The central problem with piecemeal adjudication in this case, as the district court noted, is that a potential exists for "inconsistent and mutually contradictory determinations." Specifically, Judge Mukasey feared a scenario under which Cisneros would prove Overall's liability in federal court—and then be able to use the judgment preclusively in state court—but that the inverse would not be true. That is, if Overall were relieved of liability in the federal action, state plaintiffs—such as Cisneros' neighboring apartment dwellers—would not be bound by federal judgment because they would not have been parties to it. Thus, Overall could face liability in two forums with the risk of inconsistent results, and the same state plaintiffs would be unable to be joined in the pending federal action because their presence would defeat diversity jurisdiction. The district court therefore concluded, and we agree, that these potentially contradictory findings of liability would "cause friction between state and federal courts." *See Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414 (2d Cir.1986).

In the opposite scenario, where the state courts decide the negligence issues first, there is no such conflict. The state proceedings are more comprehensive than the federal proceedings. Further, as Cisneros is a party to the state proceedings, and will have a full opportunity to litigate liability and damages, the state judgment could be given preclusive effect in the federal action. Moreover, the district court's stay of its jurisdiction lends support to the value of judicial economy that animates *Colorado River.* Thus "reasons of wise judicial administration," *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246–47, favor abstention in this case in order to avoid duplicative simultaneous litigation. *See Arkwright-*

*Boston Mfrs. v. City of New York*, 762 F.2d 205, 211 (2d Cir.1985).

The fourth factor looks at the chronological order in which the actions were filed. Here, the first state suit preceded the federal action by three months, and were the test a race to the courthouse, this factor would favor abstention. But the inquiry is not so simplistic; the relative progress of the federal and state proceedings must be carefully examined. *See Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 939–40; *Bethlehem Contracting*, 800 F.2d at 328; *Arkwright–Boston*, 762 F.2d at 211. Both the state and federal actions are still in the discovery stage; no decision on the merits of any issue has yet been rendered in either forum. *See Lumbermens*, 806 F.2d at 415. Concededly, more discovery has occurred to date in the federal suit. Hence, disposition of this factor is not so clear as in *Bethlehem Contracting*, where the state defendants had not even answered their complaints, had engaged in no discovery, and where the state action was effectively "dormant." *See* 800 F.2d at 326.

The record in the instant case reveals that before granting the stay, the district court was closely involved in the discovery process, imposing deadlines and holding conferences to ensure the progress of the litigation. In analyzing this factor, it concluded that "[o]n the whole, then, no appreciably greater progress, except for the summary judgment motion [which it had denied], has been made in the federal action to warrant this factor tipping against abstention." The district court's perspective and proximity to the pending litigation is a major reason why the decision to abstain generally is left to that court's sound discretion. We accept its assessment respecting the progress of discovery, and the fourth factor therefore favors abstention.

The substantive law to be applied, the fifth factor, in both the federal and the state actions is exclusively New York law. When the applicable substantive law is federal, abstention is disfavored, though the inverse proposition will not alone support a surrender of federal jurisdiction. *See Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. at

942; *General Reinsurance*, 853 F.2d at 82; *Lumbermens*, 806 F.2d at 415. Yet, if federal law is not implicated, and the governing state law involves "a novel state law theory," a stronger argument may be made for abstention. *See Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir.1985). Concededly, no such novel state law theory is present in this negligence case, and federal courts deciding diversity cases routinely apply state law. We have held nonetheless that "[a]lthough the absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where 'the bulk of the litigation would necessarily revolve around the state-law ... rights of [numerous] ... parties.'" *General Reinsurance*, 853 F.2d at 82 (quoting *Moses H. Cone*, 460 U.S. at 23 n. 29, 103 S.Ct. at 941 n. 29).

Again, the interests of comity are best served by waiting for the state court to speak first—the federal court here did not dismiss the federal suit, it merely postponed its resolution. Such a deferral by the federal court guarantees that it will not misinterpret New York law. In addition, there is no federal interest that would be served by retaining jurisdiction. *See Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir.1985) (Timbers, J.). We candidly acknowledge that the nature of the substantive law is a factor that cuts both ways, and that standing alone it would not provide "the clearest of justifications" required for abstention, *see Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247; *Law Enforcement Ins. Co. v. Corcoran*, 807 F.2d 38, 42 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987). But here it certainly does not suggest that the stay was an abuse of discretion.

Finally, we address the sixth factor, whether the rights of appellant Cisneros will be adequately protected in the state proceedings. Were there a threat that Cisneros' rights would not be protected in state court, this factor would weigh heavily in favor of exercising federal jurisdiction, *see Bethlehem Contracting*, 800 F.2d at 328, but such is not the case. Appellant argues that her rights will not be safeguarded in the state court because the state proceedings do not as yet include Calhoun Woodworking. This argument is disingenuous inasmuch as appellant did not herself join Calhoun as a defendant in her federal suit; Calhoun was a third-party defendant impleaded by the federal defendant, Overall. Consequently, Cisneros can hardly complain about Calhoun's absence from the state suit, and therefore on balance this factor does not weigh in favor of or against abstention.

## CONCLUSION

Our analysis of the relevant factors and their underlying principles, particularly the risk of piecemeal litigation and the fact that only negligence issues governed entirely by state law are raised, strongly favors abstention. Where such visible signs are present pointing so clearly towards abstention—even though the propriety of bringing suit in a federal forum cannot be faulted on jurisdictional grounds—it should come as no surprise to the bar that a district court declines to exercise its jurisdiction.

We agree with the district court's analysis of the *Colorado River* and *Moses H. Cone* factors, and affirm its decision to abstain from the exercise of its jurisdiction. In fact, the interest of Cisneros—and all parties—will be better served by abstention because consolidation in state court could lead to "more efficient factfinding and more reasoned decision-making" on these ordinary garden variety issues of state law. *See Arkwright–Boston*, 762 F.2d at 211.

The order appealed from is affirmed.