**Courtney STERN, a minor, et al., Plaintiffs,**

v.

**MILFORD BOARD OF EDUCATION, et al., Defendants.**

**Civ. No. 3:94CV00574 (PCD).**

United States District Court, D. Connecticut.

Nov. 10, 1994.

Maureen M. Murphy, Greenfield & Murphy, New Haven, CT, Regina M. Deluca, Branford, CT, for plaintiff.

James E. Coyne, Colleen D. Fries, Bai, Pollock & Dunnigan, Bridgeport, CT, Donald J.P. O'Brien, Law Offices of Donald O'Brien, Hartford, CT, for defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

DORSEY, Chief Judge.

Plaintiff and her parents as next friends allege violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and the Fourteenth Amendment. Defendants suggest abstention and move to dismiss. For the reasons below, defendants' motion is denied.

### I. FACTS

Plaintiff was a student at Orchard Hills Elementary School in Milford, Connecticut,

at all pertinent times. Defendants are the Milford Board of Education, principal Robert Cummings, and substitute teacher Thomas Whittaker.

On January 29, 1993, plaintiff commenced an action in Connecticut Superior Court alleging defendants' failure to protect her from sexual harassment by male students. On April 8, 1994, plaintiff commenced this action on the same facts, charging defendants with federal civil rights violations. Defendants request abstention because of the state court action and state-law elements in plaintiff's federal claims.

## II. *DISCUSSION*

"The term *abstention* refers to judicially created rules whereby federal courts may not decide some matters before them even though all jurisdictional and justiciability requirements are met." Erwin Chemerinsky, *Federal Jurisdiction* § 12.1, at 593 (1989). There are at least four abstention doctrines, "involving different factual situations, . . . different support in the decisions of the Supreme Court, and different arguments for and against their validity." Charles A. Wright, *Law of Federal Courts* § 52, at 323 (1994).

Defendants do not clearly distinguish between arguments for abstention. They seem, however, to make four arguments, which will be addressed in turn.

A. *Abstention to Avoid Disruption of State Efforts to Ensure a Coherent Policy on Issues of Substantial Public Concern: Burford Abstention*

■ Defendants first call for abstention pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). (Doc. 13 at 5–6.) When *Burford* abstention is appropriate is not perfectly clear. *See* 17A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4244, at 84 (1988). A succinct (but imprecise) guide is as follows: a federal court should avoid complex state-law issues whose resolution might disrupt state efforts to ensure a coherent policy regarding a matter of substantial public concern. *See also New Orleans Pub. Serv. Comm'n, Inc. v. New*

*Orleans,* 491 U.S. 350, 361, 109 S.Ct. 2506, 2514–15, 105 L.Ed.2d 298 (1989) (delineating two-part standard for *Burford* abstention).

Defendants cite two state-law issues as justification for *Burford* abstention: (1) whether defendants fulfilled their duties under the Connecticut General Statutes, and (2) whether defendants are entitled to immunity under the state statutes. (Doc. 13 at 5–6.) Neither issue warrants *Burford* abstention.

First, there is no reason to believe either issue presents "difficult questions of state law." *New Orleans Pub. Serv. Comm'n, supra (quoting Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). *Burford* abstention is unwarranted where "the state law appears to be settled." *Colo. River,* 424 U.S. at 815, 96 S.Ct. at 1245 (1976) (rejecting *Burford* abstention). Defendants do not suggest the law here is unsettled. (*See* doc. 13 at 5–6.) In recent dicta the Supreme Court has cautioned against federal scrutiny of "state-law factors" or "local regulatory . . . policies" without saying these areas must be unsettled. *New Orleans Pub. Serv. Comm'n,* 491 U.S. at 362, 364, 109 S.Ct. at 2515, 2516. Nevertheless, the Court's latest holding is that *Burford* abstention is inappropriate where "the state law appears to be settled." *Colo. River, supra.*

Second, neither issue requires "significant familiarity with . . . distinctively local regulatory facts." *New Orleans Pub. Serv. Comm'n,* 491 U.S. at 364, 109 S.Ct. at 2516. This case is unlike *Alabama Public Service Commission v. Southern Railway Commission,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951), for example, which called for abstention from the "essentially local problem" of balancing an area's need for train service against a railroad's loss from continued operation of two trains. *Id.* at 347, 71 S.Ct. at 767. Here there are no requisite factual inferences "on policy problems . . . whose importance transcends the result in the case . . . at bar." *New Orleans Pub. Serv. Comm'n,* 491 U.S. at 361, 109 S.Ct. at 2514 (*quoting Colo. River,* 424 U.S. at 814, 96 S.Ct. at 1244). The necessary facts pertain only to the parties.

Finally, there are no discernible "state efforts to establish a coherent policy" with respect to these two issues. *Id.* For example, neither issue is entrusted by the state to a single state trial court, as in *Burford. See Burford,* 319 U.S. at 326–27, 63 S.Ct. at 1103–04. All state trial courts can consider these issues, with inconsistent results. There is no state attempt at coherence that a federal court should avoid disrupting via abstention.

Perhaps none of the above reasons is by itself sufficient to obviate *Burford* abstention. *See, e.g.,* Wright, *et al., supra,* at 83 ("[I]t seems too narrow to try to confine ... this kind of abstention ... [to instances where] the state has specially concentrated all judicial review ... in a single state court."). Together, however, these three factors suggest *Burford* abstention is unwarranted in this matter.

B. *Abstention to Avoid a Federal Court Constitutional Ruling: Pullman Abstention*

■ Defendants next call for abstention "to avoid unnecessary resolution of a constitution [*sic* ] issue that might be mooted by state court construction of state law." (Doc. 13 at 7.) This type of abstention—derived from *Railroad Commission of Texas v. Pullman Company,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)—is inappropriate here.

"[F]or *Pullman* abstention to be warranted ... there must be substantial uncertainty as to the meaning of state law." Chemerinsky, *supra,* § 12.2.1, at 599. Here there is no reflection of uncertainty. The constitutional questions presented do not "turn upon a choice between one or several alternative meanings" to which state law is susceptible. *City of Houston v. Hill,* 482 U.S. 451, 468, 107 S.Ct. 2502, 2513, 96 L.Ed.2d 398 (1987) (citations omitted). The state law seems unambiguous, and "when a statute is not ambiguous, there is no need to abstain." *Id.* at 469, 107 S.Ct. at 2514.

C. *Abstention Because of Federal Claims That Could Have Been Raised in State Court: Moore and Pennzoil*

■ Defendants next argue that this court should not assume jurisdiction over federal claims that plaintiff could have presented in the state proceeding (Doc. 13 at 7.), citing *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), and *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1986). (*Id.*) Those cases are inapplicable here.

*Moore* and *Pennzoil* reflect the policy of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), "against federal intervention in state judicial processes ..." *See Moore,* 442 U.S. at 423, 99 S.Ct. at 2377; *Pennzoil,* 481 U.S. at 10, 107 S.Ct. at 1525. In both *Moore* and *Pennzoil,* the Supreme Court reversed lower federal court decisions that rendered state court proceedings nugatory. In *Moore,* the lower federal court held unconstitutional a Texas statute that authorized a state court order. *See Moore,* 442 U.S. at 418–23, 99 S.Ct. at 2374–77. In *Pennzoil,* the lower federal court enjoined Texas state court proceedings. *See Pennzoil,* 481 U.S. at 7–8, 107 S.Ct. at 1523–24.

Here no decision by this court will render the state court proceeding nugatory. There is no request for a ruling on the constitutionality of a state statute authorizing a state proceeding, as in *Moore.* Nor is there a request to enjoin a state proceeding, as in *Pennzoil.* This case does not threaten federal-state comity as did *Moore* and *Pennzoil.* Federal resolution of plaintiff's federal claims will not interfere with state resolution of her state claims.

D. *Abstention to Avoid Piecemeal Litigation: Colorado River Abstention*

■ Defendants finally seek abstention on the ground that plaintiff's state and federal actions are "piecemeal" because of the duration and extensive discovery of the state action. (Doc. 13 at 8.) Defendants cite no authority for this proposition. Presumably, they rely on *Colorado River Water Conservation District v. United States, supra.* "[A]voidance of piecemeal litigation" is one of six factors relevant to *Colorado River* abstention analysis. *De Cisneros v. Younger,* 871 F.2d 305, 307 (2d Cir.1989).

**34**

No one of the six factors is necessarily decisive. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983); *see also Colo. River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47. Nevertheless, only "piecemeal litigation"—the one factor cited—because it is unclear whether defendants intend to invoke *Colorado River* at all.

Defendants' argument is without merit. Long duration and extensive discovery say nothing about whether multiple actions are "a prime example of piecemeal litigation." (Doc. 13 at 8.) For example, two actions involving different parties, facts, and causes of action are not piecemeal, whatever one action or the other's duration or discovery.

■ Litigation is piecemeal only if the multiple actions are similar. *See, e.g., Colorado River*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (finding "piecemeal" federal and state litigation over water rights). The state action must be one "in which the controversy between the parties can be resolved." Wright, *et al., supra,* § 4247, at 117. For example, litigation over a common set of facts was not piecemeal when the federal action joined a claim the state action did not. *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir.1986).

This litigation seems less piecemeal than *Bethlehem Contracting:* the federal action raises not just one but several claims the state action does not. Whether the additional claims can be, or should have been, included in the state action is immaterial. *See, e.g., Colo. River,* 424 U.S. at 817, 96 S.Ct. at 1246 ("[T]he rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....'") (citations omitted). Thus, the one *Colorado River* factor defendants have raised does not favor abstention.

III. *CONCLUSION*

Accordingly, defendants' motion to dismiss (doc. 12) is denied.

SO ORDERED.