Reynold FISCHMANN, Plaintiff,

v.

VISIONTEL, INC., Defendant.

No. 96 CV 2533.

United States District Court,
S.D. New York.

Aug. 7, 1996.

Kevin O'Rourke Moore, Moriwaki & Moore P.C., Tarrytown, NY, for plaintiff.

Glenn S. Kerner, Schneck Weltman Hashmall & Mischel, New York City, for defendant.

### MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The plaintiff, Reynold Fischmann ("Fischmann"), brings this diversity action against VisionTel, Inc. ("VisionTel"), seeking damages for breach of contract and relief under section 198(1) and (1–a) of New York's Labor Law. Presently before the Court is VisionTel's motion to dismiss based on the abstention doctrine of *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

### BACKGROUND

VisionTel is a Delaware software corporation with its principal place of business located in Bala Cynwyd, Pennsylvania. Fischmann is a New York resident. On December 21, 1993, the parties entered into a five-year employment agreement which provided that Fischmann would serve as the president of VisionTel. The agreement provided that VisionTel could terminate Fischmann for cause on fifteen days notice. According to the complaint, Fischmann was terminated on February 12th, 1996. The defendant, however, argues that Fischmann resigned on February 5th.

Fischmann's counsel wrote a letter to VisionTel dated March 27th demanding severance pay. On April 8th, 1996, VisionTel filed an action for declaratory judgment in the Court of Common Pleas for Montgomery County, Pennsylvania ("the Montgomery County Action") seeking a declaration that Fischmann resigned from VisionTel effective February 12, 1996 and is not entitled to

severance pay under the terms of the employment agreement. VisionTel also seeks attorneys' fees and costs in that action.

On April 10th, one day after receiving notice of the Montgomery County action, Fischmann filed this suit in the United States District Court for damages in the amount of $275,000.00. Additionally, he seeks an award of attorneys' fees, expenses, and liquidated damages pursuant to section 198(1) of the Labor Law of New York.[1] Before this Court is VisionTel's, motion to abstain based on the *Colorado River* abstention doctrine.

### Discussion

#### A. Legal Standard

■ On a motion to dismiss, all factual allegations of the complaint must be accepted as true and construed favorably to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

#### B. Abstention

■ Courts are generally required to adjudicate claims that are properly presented and that are within their subject matter jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. However, a federal court may decline to hear a case: (1) if it poses a federal constitutional issue that may be mooted or altered by a state court ruling on state law, *see Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 500–501, 61 S.Ct. 643, 645–646, 85 L.Ed. 971 (1941), (2) if it involves complex questions of state law that bear on important state policy issues, *see Burford v. Sun Oil Co.,* 319 U.S. 315, 317–334, 63 S.Ct. 1098, 1098–1108, 87 L.Ed. 1424 (1943) (3) if it was filed to enjoin state court proceedings, *see e.g., Younger v. Harris,* 401 U.S. 37, 43–57, 91 S.Ct. 746, 750–756, 27 L.Ed.2d 669 (1971), or (4) when duplicative state court proceedings are pending, and exceptional 'reasons of wise judicial administra-

tion' counsel dismissal. *Youell v. Exxon Corporation,* 48 F.3d 105, 108–9 (2d Cir.1995), *vacated on other grounds,* —— U.S. ——, 116 S.Ct. 43, 133 L.Ed.2d 9 (1995); *see also Colorado River,* 424 U.S. at 817–18, 96 S.Ct. at 1246–47. The defendant argues that under *Colorado River,* this Court should abstain because of the pendency of the state action and existence of exceptional circumstances.

■ The factors that the District Court should consider when deciding whether exceptional circumstances exist include: 1) which court first assumed jurisdiction over a res involved in the litigation; 2) the inconvenience of the federal forum; 3) the avoidance of piecemeal litigation; 4) the order in which the concurrent fora obtained jurisdiction; 5) the law (federal or state) that provides the rule of decision, and; 6) the protection of the federal plaintiff's rights. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 23–28, 103 S.Ct. 927, 941–943, 74 L.Ed.2d 765 (1983). "The decision whether to dismiss a federal action because of parallel state-court litigation[2] does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case with the balance heavily weighted in favor of the exercise of jurisdiction...." *Moses H. Cone,* 460 U.S. at 2, 103 S.Ct. at 929. Moreover, because federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, abstention "is the exception, not the rule." *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244.

■ Applying these principles here, we find that VisionTel has not demonstrated exceptional circumstances sufficient to justify abstention. The first two factors weigh against abstention because there is no res involved and the location of the District Court is as inconvenient to VisionTel as the

---

1. The employment agreement provides that Pennsylvania law is to be applied.

2. The Seventh Circuit explains that "Suits are 'parallel' when substantially the same parties are

contemporaneously litigation substantially the same issues in another forum." *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.,* 600 F.2d 1228, 1229 n. 1 (7th Cir.1979).

Pennsylvania forum is to Fischmann.[3] *Yo-uell,* 48 F.3d at 113; *De Cisneros v. Younger,* 871 F.2d 305, 307 (2d Cir.1989); *see Bethle-hem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 327 (2d Cir.1986).

■ We also find that avoidance of piece-meal litigation is not a concern in this case. Piecemeal litigation can sometimes result in inconsistent judgments that "cause friction between state and federal courts." *Lumber-mens Mutual Casualty Company v. Connect-icut Bank and Trust Co.,* 806 F.2d 411, 414 (2d Cir.1986). In this circuit, abstention is more appropriate where the parties to both suits are not identical because there is the possibility that the parties who are not bound by the prior judgment may cause inconsis-tent judgments in subsequent lawsuits.[4] In this case, Fischmann and VisionTel are the only parties to both actions, and therefore, principles of issue preclusion and collateral estoppel will affect the second judgment, and inconsistent judgments will not result. *Cf., De Cisneros,* 871 F.2d at 308; Chemerinsky, *Federal Jurisdiction,* § 14.3, 773, 759 (2d ed. 1994).

■ VisionTel further argues that absten-tion is proper because the Pennsylvania ac-tion was filed first. We disagree. Priority of suits should not be measured exclusively by which complaint was filed first but also by how far each of the suits has progressed. *Moses H. Cone,* 460 U.S. at 21–22, 103 S.Ct. at 939–941. Accordingly, abstention is more appropriate where the state court proceed-ings are well ahead of the district court proceedings. *Telesco v. Telesco Fuel and Masons' Materials, Inc.,* 765 F.2d 356, 363 (2d Cir.1985). In *Telesco,* extensive proceed-ings had already taken place in the state court suit which was initiated in 1978, but the

federal action, filed in 1983, had not pro-gressed beyond the initial pleadings. Vision-Tel's Montgomery County action, however, has not progressed beyond the service of process stage.[5]

The Supreme Court has suggested that reactive suits should be scrutinized more carefully, weighing in favor of abstention. *Moses H. Cone,* 460 U.S. at 17 n. 20, 103 S.Ct. at 937 n. 20. Fischmann claims that the defendant, suspicious of being sued, filed the state suit in a "transparent race to .the courthouse in response to the plaintiff's writ-ten demand for severance pay. . . ." Vision-Tel, on the other hand, accuses Fischmann's federal suit as a "thinly disguised attempt at forum shopping." There is nothing inherent-ly questionable about Fischmann's filing suit in New York—he is, after all, a New York resident. At this point in the litigation, there is not enough evidence to decide if either suit is vexatious or reactive in nature.

Further, while state law governs this ac-tion, that factor alone is not enough to ab-stain here. See *Lumbermens,* 806 F.2d at 415 ("presence of state law issues rarely weighs in favor of the surrender of federal jurisdiction . . .").[6]

Accordingly, given the absence of excep-tional circumstances warranting dismissal, this court is obligated to exercise the juris-diction it has been given.

### CONCLUSION

For the reasons stated, the defendant's motion to dismiss is denied.

**SO ORDERED.**

---

**3.** *See Sacody Technologies, Inc. v. Avant, Inc.,* 862 F.Supp. 1152, 1158 (S.D.N.Y.1994). ("Where, as here, dismissing the case would not result in a substantial net gain in convenience, this factor does not favor dismissal.")

**4.** For example, in *De Cisneros,* a complicated multi-party tort action, our court of appeals not-ed that the state plaintiffs who were not parties to the federal suit would not be bound by the judgment of the district court and could relitigate the action with different results. *De Cisneros,*

871 F.2d at 308. *See Lumbermens,* 806 F.2d at 414–15.

**5.** Defendant contends, but has not persuaded me, that Fischmann has been evading service of pro-cess in the Montgomery County action.

**6.** The plaintiff also suggests that litigating this suit in the Pennsylvania forum may be unfairly prejudicial to him, but we have no reason to doubt the Pennsylvania court's ability to conduct a fair trial.