**WIGGIN & CO., Plaintiff,**

v.

**AMPTON INVESTMENTS, INC. and Laurence N. Strenger, Defendants.**

**No. 98 Civ. 7616(RWS).**

United States District Court, S.D. New York.

Sept. 29, 1999.

■

Ross & Hardies, New York City, Clayton A. Prugh, Michael S. O'Reilly, of counsel, for Plaintiff,

Hoguet Newman & Regal, New York City, Laura B. Hoguet, of counsel, for Defendant.

## OPINION

SWEET, District Judge.

Defendants Ampton Investments, Inc. ("Ampton") and Laurence N. Strenger ("Strenger") (collectively "A & S") have again moved to stay this action brought by plaintiff Wiggin & Co. ("Wiggin"). For the reasons set forth below, the motion to stay is granted, with leave granted to Wiggin to move to dissolve upon any of the conditions described below.

### The Parties

Wiggin is a British law firm with a Los Angeles office. Alleging diversity jurisdiction, Wiggin seeks to recover some $325,-000 in legal fees for work alleged to have been performed in Great Britain and California.

Ampton is a California corporation with its principal place of business in New York. Strenger is a lawyer, an officer of Ampton, and a New York resident. He performed services on behalf of Ampton in connection with the transactions which gave rise to Wiggin's claim for legal fees.

These transactions, undertaken commencing in 1995, involved the unsuccessful effort of a non-party, White Rose Channel 5 Ltd., a joint venture ("White Rose"), to obtain a license to operate an independent television channel in the United Kingdom.

### Prior Proceedings

Wiggin sought payment of its fees from A & S in 1997 and agreed to forbear from collection until October 2, 1998. On September 28, 1998, A & S commenced an action in the Superior Court of the State of California for the County of Los Angeles,

*Ampton Investments, Inc., Laurence N. Strenger, Plaintiffs v. Wiggin and Co., Wiggin Group of European Lawyers and Tax Advisors, and Does 1 through 100 inclusive, Defendants,* Case No. BC 198222 (the "California Action"), seeking a declaratory judgment that no fees were due and owing and alleging a violation of a California unfair business practices statute.

On October 27, 1998, Wiggin brought this action seeking to recover its legal fees. A & S subsequently moved to stay this action. During the pendency of that motion, Wiggin removed the California Action to the United States District Court for the Central District of California, following which A & S moved to remand.

On December 2, 1998, this Court denied the stay requested by A & S with leave granted to renew.

On January 14, 1999, the motion to remand in the California Action was granted, and thereafter A & S served discovery demands. Wiggin then moved to dismiss the California Action, and on May 6 served discovery demands in this action. A & S moved for a hearing on June 4, 1999 to compel discovery in the California Action.

On June 24, 1999, the California court granted Wiggin's motion to dismiss the declaratory judgment with leave granted to amend, denied the motion to dismiss the unfair business practices claim, directed mediation on December 31, 1999, and set a trial date of February 28, 2000. The California court noted that the issue of an unfair business practice would turn upon the nature of the relationship between the parties.

A & S renewed their motion to stay this action on abstention grounds, citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which motion was marked fully submitted on July 21, 1999.

### The Facts

Wiggin has claimed approximately $325,-000 in legal fees for services in connection with the bid of a consortium (the "Virgin Venture") for a license to operate an independent television channel in Britain. Ampton was a United States business advisor to White Rose, which was a participant in the Virgin Venture. Through Ampton, Wiggin served as counsel to White Rose in connection with its effort to have Viacom Paramount of Los Angeles ("Viacom") join the Virgin Venture as a partner.

At issue between the parties is the nature of the relationship, whether or not contingent, and on whose behalf Wiggin's services were rendered.

### Discussion

■ Generally speaking, "federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." *Burnett v. Physician's Online, Inc.,* 99 F.3d 72, 76 (2d Cir.1996) (*quoting Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236). However, a district court has the discretion to abstain from exercising jurisdiction over an action where a concurrent state proceeding is pending based upon "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236 (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).

■ "To determine whether *Colorado River* abstention is appropriate, the district court must weigh six factors, with the 'balance heavily weighted in favor of the exercise of jurisdiction.'" *Burnett,* 99 F.3d at 76 (*quotingMoses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). In *Colorado River,* the Supreme Court set forth four factors to take into account in deciding whether a federal court may abstain in favor of a parallel state action: (1) the assumption of jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litiga-

.. 
**552**

tion; and (4) the order in which the concurrent forums obtained jurisdiction. *See Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236. In *Moses H. Cone,* the Court added two more factors to the *Colorado River* abstention analysis: (5) the source of the applicable law; and (6) the adequacy of procedures in the state court to protect the federal plaintiff's rights. *See Moses H. Cone,* 460 U.S. at 23–26, 103 S.Ct. 927.

Notably, "[n]o one factor is necessarily determinative." *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236. Moreover, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927. Thus, the six factors do not present a mechanical or exhaustive checklist. The district court is obligated to undertake a careful balancing of the applicable factors, but the decision to abstain is in the sound discretion of the district court. *See Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 210 (2d Cir. 1985). As this Court has noted, the federal courts frequently follow *Colorado River* by abstaining from exercising jurisdiction in deference to parallel state actions. *See Mann v. Alvarez,* No. 96 Civ. 2641(RWS), 1996 WL 535540, at *2 (S.D.N.Y. Sept. 20, 1996) (*citing Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 815 F.Supp. 127, 131 (S.D.N.Y.1993)).

As a threshold matter, the Court must address Wiggin's assertion that no concurrent state proceeding is pending. Wiggin cites *Shchegol v. Rabinovich,* No. 98 Civ. 5616(MBM), 1999 WL 398025, at *5 (S.D.N.Y. June 9, 1999), and *Alliance of American Insurers v. Cuomo,* 854 F.2d 591, 603 (2d Cir.1988), for the proposition that proceedings are concurrent only if the federal and state actions involve the same parties and issues. Wiggin goes on to state that because, in the California Action, A & S's declaratory judgment action was dismissed, the unfair business practice claim is materially different from the claim asserted in this action, and the Wiggin

Group is present (while not in this action), the proceedings are not concurrent.

■ Wiggin's contention is not persuasive. The California declaratory judgment action was dismissed for a technical defect in the pleadings. The judge in the California Action indicated that the complaint made out the elements for a declaratory judgment cause of action and granted A & S leave to file an amended complaint to correct the technical defect. A & S indicated that it had every intention of filing the amended complaint. Moreover, the issues in the unfair business practices claim—which was not dismissed—are identical to the issues in this case. Finally, the presence of the Wiggin Group in the California Action but not here is insignificant. Both *Shchegol* and *Cuomo* involved situations where several key plaintiffs or defendants were present, and significant issues were raised, in one action but not in the other.

The proceedings in this action are concurrent, and therefore it is necessary to proceed to an analysis of the six factors elucidated in *Colorado River* and *Moses H. Cone.*

### 1. Jurisdiction Over Property

The parties acknowledge that neither this action nor the California action involves jurisdiction over property. Nevertheless, Wiggin asserts that this factor may weigh against abstention, since Strenger owns property in New York which could be attached should it become necessary to enforce a judgment. Apparently, however, Strenger also owns property in California, thereby neutralizing any advantage to the New York action.

This Circuit has stated that the absence of jurisdiction by either court over property "point[s] toward exercise of federal jurisdiction." *De Cisneros v. Younger,* 871 F.2d 305, 307 (1989); *accord Village of Westfield v. Welch's,* 170 F.3d 116 (2d Cir. 1999). On the other hand, the Circuit has also stated that this factor is "not applica-

ble ... when there is no res or property involved." *Arkwright–Boston,* 762 F.2d at 210. These seemingly contrary pronouncements can be resolved by interpreting *De Cisneros* to mean that the absence of jurisdiction over property weighs against abstention simply because there is a general presumption against abstention. Thus, for purposes of the analysis here, the first factor weighs slightly against abstention.

## 2. *Inconvenience of the Federal Forum*

According to A & S, the convenience factor favors California for several reasons. Wiggin maintains an office in Los Angeles, Ampton is a California corporation, and Strenger has a residence there. In addition, several third-party witnesses are in California.

On the other hand, Wiggin points out that Ampton's principal place of business is New York, where Strenger also maintains a residence. Moreover, there are also third-party witnesses in Great Britain, in addition to Wiggin itself. Great Britain, of course, is closer to New York than to Los Angeles.

On balance, the convenience factor slightly favors California.

## 3. *Avoidance of Piecemeal Litigation*

The Supreme Court has acknowledged that the most important factor in its decision to approve the dismissal of the *Colorado River* action was the " 'clear federal policy ... [of] avoidance of piecemeal adjudication.' " *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927 (*quoting Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236); *see also Arkwright–Boston,* 762 F.2d at 211 (danger of piecemeal litigation was the "paramount consideration"); *American Alliance Ins. Co. v. Eagle Ins. Co.,* 961 F.Supp. 652, 656 (S.D.N.Y.1997). As this Circuit said in *Arkwright–Boston:*

> As the suits all arise out of the [same set of facts], they should be tried in one forum. Maintaining virtually identical suits in two forums under these circumstances would waste judicial resources and invite duplicative effort. Plainly, avoidance of piecemeal litigation is best served by leaving these suits in the state court.

*Arkwright–Boston,* 762 F.2d at 211.

It is appropriate to conclude from Wiggin's letterhead, Martindale listing, and Web advertising that Wiggin maintains an office for the practice of law in Los Angeles. A counterclaim in the California Action will preserve Wiggin's claim for its fees. All issues can be resolved in the California Action, which has a fixed schedule, at the moment, for resolution. This factor, therefore, strongly favors California.

## 4. *Order in Which Jurisdiction Was Obtained*

In evaluating the order in which jurisdiction was obtained, the court does not look only to which action was commenced first, but rather to the relative progress of the actions in the two forums. *See Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927; *De Cisneros,* 871 F.2d at 308; *Arkwright–Boston,* 762 F.2d at 211.

The California action, though commenced first, was a preemptive strike against a Wiggin payment deadline, and this action was filed less than a month later. Nevertheless, the action has proceeded further in California; a trial date has been set, and discovery has commenced. Wiggin maintains that dismissal of the declaratory judgment claims in the California action weighs against abstention, but, as noted above, those claims were dismissed for a technical defect in the pleadings. The judge in the California action noted that the elements for declaratory relief had been met and that A & S had leave to amend the complaint to address the defect. In conclusion, the relative progress of the actions weighs in favor of California.

### 5. *Source of Law*

This diversity action only involves issues of state law. In *Colorado River*, the Supreme Court noted that the presence of a federal question in a case weighs heavily against abstention. *See Colorado River*, 424 U.S. at 815 n. 21, 96 S.Ct. 1236. On the other hand, "[T]he absence of federal issues does not *strongly* advise dismissal, unless the state law issues are novel or particularly complex." *Village of Westfield*, 170 F.3d at 124 (emphasis added). There are no such novel or particularly complex issues in this case. However, the absence of a federal question still slightly favors abstention. *See De Cisneros*, 871 F.2d at 309.

### 6. *Adequacy of Procedures in State Court to Protect Federal Plaintiff's Rights*

Little comment on this factor is necessary. Wiggin's rights are adequately protected in the California Action, where it can assert (as counterclaims) the same claims raised here. *See Arkwright–Boston*, 762 F.2d at 211; *American Alliance*, 961 F.Supp. at 659.

### *The Balance of Factors Favors Abstention*

■ This Court's "discretion to abstain must be exercised within the 'narrow and specific limits' prescribed by the particular abstention doctrine involved." *Village of Westfield*, 170 F.3d at 125 (*quoting Dittmer v. County of Suffolk*, 146 F.3d 113, 116 (2d Cir.1998)). This case favors exercise of that discretion under the six factors of *Colorado River* and *Moses H. Cone*, as analyzed above. Factors two, three, four, and five favor abstention. Factors one and six are neutral, which weigh only slightly against abstention. The balance in this case clearly favors abstention, particularly as factor three, the avoidance of piecemeal litigation, strongly favors abstention, as in *Colorado River*. The parties must be directed to concentrate their efforts in one forum. As indicated by the grant of the stay, that forum will be California.

However, should circumstances be presented to demonstrate the inadequacy of the California forum under *Colorado River* and *Moses H. Cone*, leave is granted for an application to dissolve the stay. Towards that possibility, all discovery in the California action will be admissible in this action, and it is assumed that the California Action will proceed expeditiously as it has thus far.

### *Conclusion*

The motion of A & S for a stay under *Colorado River* is granted, discovery in the California Action will be admissible in this action should the stay be dissolved, and leave is granted to apply for such a dissolution should the circumstances warrant.

It is so ordered.