GENERAL STAR INTERNATIONAL INDEMNITY, LTD. and AXA Reinsurance UK PLC, Plaintiffs–Appellants,

v.

The CHASE MANHATTAN BANK, Defendant–Appellee.

Nos. 02–7659(L), 02–7660(CON), 02–7662(CON), 02–7663(CON).

United States Court of Appeals, Second Circuit.

Feb. 7, 2003.

Howard A. Fischer, Schindler Cohen & Hochman LLP (Jeremy M. Weintraub, on the brief), New York, NY, for Appellant General Star.

Thomas Wilkinson, Cozen O'Connor, Philadelphia, PA (Edward Hayum, Cozen O'Connor, New York, NY, Stephen A. Cozen and Lawrence D. Jackson, Cozen O'Connor, Philadelphia, PA, on the brief), for Appellant AXA.

John D. Gordan, III, Morgan, Lewis & Bockius LLP (Nora von Stange, on the brief), New York, NY, for Appellee.

Present: VAN GRAAFEILAND, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Memorandum Order of the District Court be and it hereby is AFFIRMED.

Plaintiffs-appellants General Star International Indemnity, Ltd. ("General Star") and AXA Reinsurance UK PLC ("AXA") appeal from a May 2, 2002 Memorandum Order of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge*), granting defendant-appellee Chase Manhattan Bank's motion to stay this federal-court action

pending the resolution of a parallel action that Chase had initiated in New York state court. *See Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

For a detailed discussion of the factual background, see the District Court's thorough opinion, *Gen. Star Int'l Indem. Ltd. v. Chase Manhattan Bank,* 2002 WL 850012 (S.D.N.Y. May 3, 2002). In brief, Chase made loans to help finance two slates of films produced by Paramount, and General Star and AXA, among other insurance companies, insured those loans. On November 7, 2001, Chase notified General Star and AXA (as well as the other insurers) that, as of December 2001, it would have claims on three of the Paramount films. General Star brought two actions (each based on a different slate of six films) against Chase in federal court on December 11, 2001. AXA brought two actions (based on the same two slates of films) against Chase in federal court on December 17, 2001. The four federal-court actions were consolidated into this one action. Chase brought an action in New York state court on December 27, 2001, against General Star, AXA, and seven other insurers, based on the three films on which Chase had indicated it would have claims. Chase moved to dismiss or, in the alternative, to stay the federal action on abstention grounds. The District Court granted Chase's motion and stayed the federal action pending the outcome of the New York Supreme Court litigation.

In adjudicating Chase's motion, the District Court applied the strict abstention standard first articulated in *Colorado River.*[1] We review a district court's decision to abstain pursuant to *Colorado River* for an abuse of discretion, but the "standard of review is somewhat rigorous," and "there is little or no discretion to abstain in a case which does not meet traditional abstention requirements." *Woodford v. Community Action Agency of Greene County, Inc.,* 239 F.3d 517, 523 (2d Cir. 2001) (internal quotation marks omitted). In determining whether to abstain under *Colorado River,* a district court should consider:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal actions will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Id.* at 522 (citations omitted). "[T]he balance [is] heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it," *Woodford,* 239 F.3d at 522. "No single factor is necessarily decisive, and the weight to be given to any one factor may vary greatly from case to case." *Village of Westfield v. Welch's,* 170 F.3d 116, 121 (2d Cir.1999) (citation and internal quotation marks omitted).

---

1.  The District Court believed that it was entitled to apply more discretionary standard articulated in *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), because "virtually all [of the plaintiffs'] claims stem from the underlying request for declaratory relief." *Gen. Star,* 2002 WL 850012, at *5. Nevertheless, the court analyzed Chase's abstention motion under the *Colorado River* standard because it determined that the motion should be granted even under that stricter standard. *See id.*

The District Court analyzed the six factors enumerated in *Woodford.* *See Gen. Star,* 2002 WL 850012, at \*6–\*11. While the court found that several of the factors slightly favored the retention of federal jurisdiction, the court considered the risk of piecemeal litigation to be the most important factor, and found that this factor strongly favored abstention. *Id.* at \*7–\*8. The District Court correctly reasoned that, because the insurance companies other than General Star and AXA were not parties to the federal action, "there is a risk of inconsistent outcomes not preventable by principles of *res judicata* and collateral estoppel." *Id.* at \*7. "[T]he primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." *Woodford,* 239 F.3d at 524; *see also De Cisneros v. Younger,* 871 F.2d 305, 308 (2d Cir.1989). In light of our precedent, the District Court did not abuse its discretion in deciding to abstain largely on the basis of the risk of piecemeal litigation.

We have reviewed the District Court's balancing of the six *Colorado River* factors, and we conclude that the court weighed them correctly, placing the appropriate weight on each factor. Therefore, we affirm the District Court's Memorandum Order substantially for the reasons stated by the District Court. We have considered the appellants' objections to the District Court's decision and find them to be without merit.

Accordingly, the judgment of the District Court is AFFIRMED. The motions of General Star and Chase requesting that the Court take judicial notice of various documents are GRANTED.