U.S. Bank Nat'l Ass'n v. E. Fordham DE LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                      *Circuit Judges*.

_____

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A.,
AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE
FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL
MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-C2,
ACTING BY AND THROUGH ITS SPECIAL SERVICER,
TORCHLIGHT LOAN SERVICES, LLC,

*Plaintiff-Appellant*,

v.                                                              19-2289

EAST FORDHAM DE LLC, EAST FORDHAM G LLC,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

*Defendants-Appellees*.[1]

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellant:    Partha P. Chattoraj (Lawrence P. Gottesman, *on the brief*), Allegaert Berger & Vogel LLP, New York, N.Y.

Appearing for Appellees:    Brett D. Dockwell, Morrison Cohen LLP, (Luis A. Gonzales, Ricardo E. Oquendo, Maria Deraco, Oquendo Deraco PLLC, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Appellant U.S. Bank National Association ("U.S. Bank") appeals from the July 15, 2019 decision and order of the United States District Court for the Southern District of New York (Marrero, *J.*) staying the case pending final resolution of state court litigation between the parties pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review abstention decisions under an abuse of discretion standard. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99 (2d Cir. 2012). "The practical reason for this deference is that *Colorado River* abstention requires an *ad hoc* balancing of a number of factors, and the district court generally has a better seat for an overview of whether the exercise of federal jurisdiction should be postponed until after the state court litigation is completed." *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989).

In deciding whether to abstain under *Colorado River*, a district court must first determine whether the federal and state court cases are parallel. *Nat'l Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 22 (2d Cir. 1997). Federal and state proceedings are parallel for purposes of abstention when the two proceedings are "essentially the same"—when there is an identity of parties, and the issues and relief sought are the same. *Id.* If the actions are deemed parallel, courts are then to consider six factors to determine whether abstention is appropriate. These factors are: (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *De Cisneros,* 871 F.2d at 307.

The district court's decision to abstain was not an abuse of discretion. At the outset, the district court correctly determined that the two proceedings were parallel, given that both actions are centered on the same parties' Loan Modification Agreement and whether either party breached its obligations under that agreement. Although U.S. Bank brought a foreclosure action

in federal court, whereas East Fordham brought breach-of-contract claims seeking declaratory relief, specific performance, and damages in state court, the foreclosure action cannot be resolved without also resolving the state-court claims. To determine if East Fordham defaulted on its loan and foreclosure is appropriate, the federal court must first consider whether East Fordham would have satisfied its loan but for U.S. Bank's alleged breach. This is enough to render the state and federal litigations essentially the same and therefore parallel.

We now turn to the *Colorado River* factors and conclude that the district court did not abuse its discretion in abstaining after weighing the *Colorado River* factors. In so doing, we reject U.S. Bank's argument that the first factor, jurisdiction over a res, is dispositive in its favor. We note that the state court's in rem jurisdiction was implicated in 2018, well before U.S. Bank filed its federal complaint, when U.S. Bank filed a receivership application that the state court denied. And even if only in personam claims remain in the state litigation, nothing in *FDIC v. Four Star Holding Co.* dictates that federal courts with jurisdiction over a res cannot abstain in favor of state in personam actions between the same parties and addressing the same issues. 178 F.3d 97, 102 (2d Cir. 1999). Because the first factor is not dispositive here, we decline to decide whether the state court had or relinquished jurisdiction over a res and thus the direction in which the first *Colorado River* factor tips. The second factor—the inconvenience of the federal forum— is a "neutral" factor as both proceedings are occurring in New York City. Because a neutral factor "favors retention of the case in federal court," this factor weighs against abstention. *Niagara Mohawk*, 673 F.3d at 101. However, the third through sixth *Colorado River* factors weigh strongly enough in favor of abstention that the district court did not abuse its discretion. These four factors counseling abstention overpower whatever weight the first factor may have, as well as the marginal weight of the second factor.

With respect to the third factor, we may be concerned about the risk of piecemeal litigation when a party's federal complaint cannot be settled "regardless of the outcome of the state litigation." *Alliance of American Ins. v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988). Without abstention, U.S. Bank and East Fordham will have to litigate the same issues, proffering the same evidence, at the state and federal levels. The *Colorado River* doctrine, which is predicated on principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," counsels against precisely this. *Colorado River*, 424 U.S. at 817. The fourth factor—the order in which jurisdiction was obtained—weighs strongly in favor of abstention. The state court action was filed five years before the federal action and is ongoing. The district court rightly emphasized the advanced stage of the state court litigation, including the conclusion of discovery, a six-day evidentiary hearing, and potentially dispositive motions of summary judgment (recently resulting in partial summary judgment for East Fordham). The fifth factor, whether state or federal law supplies the rule of decision, supports abstention because neither U.S. Bank nor East Fordham asserts a federal claim. Finally, with respect to the sixth factor, nothing in the record suggests that the state court is inadequately protecting U.S. Bank's rights by exhibiting bias against U.S. Bank as an out-of-state litigant or by allowing the state litigation to "languish[]" with "no prospect of a 'complete and prompt' resolution of the dispute." *Niagara Mohawk*, 673 F.3d at 103.

Taken together, these factors make this matter an appropriate candidate for *Colorado River* abstention, as the district court correctly concluded. Accordingly, we affirm the district court's decision to abstain pending the outcome of the state litigation.

3

We have considered the remainder of U.S. Bank's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk