Benjamin KING and Joyce King, Plaintiffs,

v.

Judith Evelyn HAHN, Individually, Helen K. Rosman, Individually and as Trustee of the Trusts F/B/O Helen K. Rosman, Barbara Joan Rosman and Judith Evelyn Rosman N/K/A Judith Evelyn Hahn, Jacob Imberman, Individually and as Trustee F/B/O Helen K. Rosman, and Noveau Elevator Industries Inc., Defendants.

Judith Evelyn HAHN, Individually, and Helen K. Rosman, Individually and sued herein as Trustee of the Trust F/B/O Helen K. Rosman, Barbara Joan Rosman and Judith Evelyn Rosman N/K/A Judith Evelyn Hahn, Third–Party Plaintiffs,

v.

GARAGE MANAGEMENT CORP. and Narragansett Parking Corp., F/K/A Sidney Garage, Inc., Third–Party Defendants.

No. 94 Civ. 7325 (PKL).

United States District Court, S.D. New York.

May 4, 1995.

Stephen L. Fox, Borowick Feldman & Groner, P.C., White Plains, NY.

Michelle S. Russo, Chesney, Murphy & Moran, Baldwin, NY.

### *MEMORANDUM ORDER*

LEISURE, District Judge:

This is an action to recover damages for personal injuries. Plaintiffs are Benjamin King ("King") and his wife, Joyce King. Defendants are Judith Evelyn Hahn ("Hahn"), Jacob Imberman ("Imberman"), and Noveau Elevator Industries, Inc. ("Noveau"). On November 10, 1994, defendants filed a third-party complaint naming plaintiff's employer and the tenant-in-possession of the premises where the accident occurred as third-party defendants. Neither third-party defendant, however, has yet appeared in the instant action. Plaintiffs allege that the amount in controversy exceeds $50,000 exclusive of interest and costs, and this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

Defendants now move this Court to dismiss or stay the action based on the doctrine of abstention and in light of an action instituted by plaintiffs against similar defendants in New York State court. For the reasons

stated below, defendants' motion is denied in its entirety.

## BACKGROUND

The instant action arises out of an accident that allegedly occurred during the course of King's employment with Garage Management Corp. ("GMC"). King maintains that the door of a car elevator came down on his head and body and resulted in severe injury. King seeks $10 million for personal injuries and $10 million in punitive damages, and his wife seeks $5 million for loss of services.

On July 20, 1993, plaintiffs commenced an action in New York State Supreme Court, Nassau County (the "State action"), to recover damages for personal injuries arising from the same locus of events that gave rise to the instant action. The State action and the instant action are similar with only a few exceptions. Plaintiffs in both actions are identical. In the State action, however, plaintiffs sought $10 million in compensatory damages, but only $1 million for loss of services, and plaintiffs did not seek punitive damages. Defendants are slightly different in the two actions. Defendant Noveau is not named in the State action, and Barbara Joan Rosman is named in the State action but not in the instant action. In addition, certain defendants are not properly named in the State action, and third-party defendants are named only in the instant action.

Defendants now request that this Court enter an order dismissing the instant action based on the doctrine of abstention, or in the alternative, enter an order staying all proceedings until there has been a resolution of the State action.

## DISCUSSION

Defendants contend that this Court should dismiss or stay this action under the *Colorado River*[1] doctrine, in light of the State

action. Plaintiffs respond that, under the circumstances, neither a dismissal nor a stay[2] of this action is appropriate.

■ The federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. Although "[a]s between federal district courts ... the general principle is to avoid duplicative litigation," the general rule "as between state and federal courts ... is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....'" *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). Nevertheless, "exceptional" circumstances occasionally do arise, "permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. However, in order to prevail, the moving party must carry a "heavy burden," *Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, No. 93 Civ. 4949, 1994 WL 86394, at *2 (S.D.N.Y. March 16, 1994); *National Union Fire Ins. Co. v. Thomas* 713 F.Supp. 62 (S.D.N.Y.1988), for "[o]nly the clearest of justifications will warrant dismissal," *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247.

■ The Supreme Court has elaborated:

the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983); *see also General Reinsurance Corp. v. Ciba–*

---

**1.** *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 *reh'g denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976).

**2.** The analysis that is applied to determine whether to dismiss or, alternatively, to stay the federal proceeding pursuant to the *Colorado River* doctrine is the same. *See Moses H. Cone*

*Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 27–28, 103 S.Ct. 927, 942–43, 74 L.Ed.2d 765 (1983); *Bethlehem Contracting Company v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 n. 1 (2d Cir.1986). As a result, for convenience, the Court will refer to defendants' motion pursuant to *Colorado River* as one for dismissal, rather than as one for a dismissal or stay.

*Geigy Corp.*, 853 F.2d 78, 81 (2d Cir.1988). The relevant factors include: (1) the assumption by either court of jurisdiction over *res* or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent fora, and the progress of the federal court litigation; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *See General Reinsurance*, 853 F.2d at 78 (citing *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937).

■ The Court finds that this case does not present "exceptional circumstances" that would warrant a dismissal of this action pursuant to *Colorado River*. First, "neither court ha[s] jurisdiction over any res or property, a fact that 'militate[s] against dismissal' of the federal suit." *General Reinsurance*, 853 F.2d at 81 (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327–28 (2d Cir.1986)).

Second, neither forum appears to be significantly more convenient than the other. When, as here, dismissing the case would not result in a substantial net gain in convenience, this factor does not favor dismissal.

Third, there is no risk that this Court's exercise of jurisdiction will result in litigation of this dispute in piecemeal fashion. All of the relevant parties are before this Court. Moreover, because any case involving parallel proceedings presents a risk of duplicative litigation or a rush to judgment, the existence of those risks can weigh only modestly in favor of dismissal; otherwise, dismissals pursuant to *Colorado River* would be the rule, not the exception, in cases involving parallel proceedings in state and federal court. *See National Union*, 713 F.Supp. at 66. Finally, the Court notes that plaintiffs plan to discontinue the state court action. *See* Plaintiffs' Affirmation in Opposition to Defendants' Motion to Dismiss Based Upon Abstention ("Plaintiffs Affirmation"), at ¶¶ 4,

14. Such a dismissal would necessarily eliminate potential redundancy.[3]

Fourth, the earlier filing of the State action, even though it was filed approximately fifteen months prior to the instant action, is not dispositive.[4] Much of the discovery that was conducted pursuant to the State action should be equally applicable to the instant action, and consequently duplicative activity should be kept to a minimum. Moreover, it appears likely that the State action will be discontinued in favor of the instant action. As a result, this factor does not mandate dismissal.

■ Fifth, there is no dispute that state law will provide the substantive rule(s) of decision in this case. Defendants argue that because federal substantive law is not controlling here, this factor strongly supports dismissal. The Court disagrees. In any case in which a federal court has subject matter jurisdiction based solely on diversity of citizenship, state law will provide the rule of decision. Therefore, unless dismissals pursuant to *Colorado River* are to become a familiar occurrence in diversity actions, defendants' argument must fail. Although the presence of a federal substantive interest weighs heavily in favor of the exercise of federal jurisdiction, the absence of such an interest, without more, is not a strong reason to dismiss pursuant to *Colorado River*. *See Bethlehem Contracting*, 800 F.2d at 328; *National Union*, 713 F.Supp. at 67.

■ Sixth and finally, plaintiffs' rights would be protected adequately if their claim was prosecuted in state court. However, although any possible inadequacy of the state forum to protect the federal plaintiff's rights would provide a strong reason to exercise federal jurisdiction, the adequacy of the state forum does not weigh heavily in favor of dismissal pursuant to *Colorado River*. *See Zemsky v. City of New York*, 821 F.2d 148, 153 (2d Cir.) (Winter, J.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987), *reh'g denied*, 486 U.S. 1019, 108 S.Ct.

---

3. This Court does not find plaintiffs' dismissal of their state action to be an impermissible "removal" of an action to federal court by plaintiffs.

4. Plaintiffs filed the State action, in July 1993, and they filed the instant action in October 1994.

1760, 100 L.Ed.2d 221 (1988); *Bethlehem Contracting*, 800 F.2d at 328.

Balancing the foregoing considerations, and giving due "weight to the heavy presumption favoring the exercise of jurisdiction," *id.* at 327, the Court finds that a dismissal pursuant to *Colorado River* is not warranted under the circumstances. No more can be said in favor of dismissal here than that there is underway a parallel state proceeding in which plaintiffs' state law claims may be adequately adjudicated. However, this Court's "task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Cone* 460 U.S. at 25–26, 103 S.Ct. at 941–42. There is nothing "exceptional" about this case. Defendants' motion for a dismissal pursuant to the *Colorado River* doctrine is therefore denied.

## CONCLUSION

For the foregoing reasons, this Court hereby denies, on the present record, defendants' motion to dismiss or stay this action pursuant to *Colorado River*. All parties are hereby ordered to appear before this Court on June 16, 1995, at 2:00 P.M., for a pre-trial conference in Courtroom 18b, United States Courthouse, 500 Pearl Street, New York, New York.

**SO ORDERED**