John B. HATFIELD, Jr., Plaintiff,

v.

Stuart M. HERZ, Defendant.

Stuart M. HERZ, Third–Party Plaintiff,

v.

HAAS, GREENSTEIN, COHEN, GERSTEIN & STARR, P.C., Third–Party Defendant.

No. 96 Civ. 5530 (PKL).

United States District Court, S.D. New York.

June 25, 1998.

**370**

Deforest & Duer, New York City, Jeffrey F. Glen, of counsel, for Plaintiff.

Siller Wilk, L.L.P., New York City, Matthew F. Schwartz, of counsel, for Defendant–Third–Party Plaintiff.

L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, New York, Peter L. Contini, of counsel for Third–Party Defendant.

## OPINION AND ORDER

LEISURE, District Judge.

Third-party defendant Haas, Greenstein, Cohen, Gerstein & Starr, P.C. ("Haas" or the "Haas law firm") moves to stay and sever the third-party action instituted against it by defendant/third-party plaintiff Stuart M. Herz ("Herz"). Plaintiff John B. Hatfield, Jr. ("Hatfield") filed a Complaint in this Court alleging legal malpractice by Herz, his attorney in an earlier action. Herz then instituted a third-party action against Haas for indemnification and/or contribution. For the reasons stated below, the Haas law firm's motion to stay and sever the third-party action is denied.

## BACKGROUND

The instant motion is the latest development in a series of three separate cases arising out of the same set of events. The three cases are:

(1) an action in state court for business extortion, initiated by Alexander Miliken, naming Hatfield as a defendant (the "Miliken Action");

(2) an action in state court for legal malpractice, initiated by Hatfield against the Haas law firm; and

(3) the instant action for legal malpractice, initiated by Hatfield against Herz.

In the Miliken Action, Miliken alleged that Hatfield and other board members and shareholders of a cooperative apartment corporation (the "Co-op") improperly had attempted to prevent Miliken from subleasing his unit of the Co-op. In May of 1993, Justice Walter Tolub presided over a bench trial in the Miliken Action and decided in favor of Miliken. Justice Tolub found the defendants liable for $8,500 in compensatory damages as well as plaintiff's attorney's fees, which were not fixed. He also assessed $50, 000 in punitive damages against Hatfield individually.

Herz represented the defendants at trial. Hatfield then replaced Herz, hiring the Haas law firm to handle his appeal of Justice Tolub's decision. It is undisputed that the Haas law firm failed to file the appeal within the allotted time period (*see* Report of Referee, Index No. 14799–92, at 4), and that the Appellate Division dismissed Hatfield's appeal on September 22, 1994. In July of 1997, Justice Tolub ruled that the defendants in the Miliken Action were responsible for plaintiff's attorneys' fees in the amount of $115,510. Hatfield then filed a Notice of Appeal, contesting the award of attorneys' fees and renewing his appeal of Justice Tolub's prior awards of compensatory and punitive damages. On February 19, 1998, the Appellate Division denied the appeal as moot, having been dismissed previously.

On July 15, 1996, Hatfield initiated in New York State Supreme Court an action against Haas for legal malpractice. *See* N.Y.Sup.Ct. Index No. 96–112533. Hatfield asserted that Haas should be found liable for its failure to file a timely appeal in the Miliken Action. The suit currently is pending in state court.

On July 23, 1996, Hatfield filed a Complaint in this Court, alleging that Herz had committed legal malpractice in connection with his representation of Hatfield in the Miliken Action. Herz denied Hatfield's allegations and asserted as an affirmative defense that any damages sustained by Hatfield were caused in whole or in part by the conduct of third parties not within Herz's control. *See* Answer, ¶¶ 30–31. Herz then filed a third-party Complaint against the

Haas law firm, claiming that Haas must indemnify Herz or contribute to any damages for which Herz is held liable because such damages resulted from the Haas's failure to file a timely appeal in the Miliken Action. Haas now moves to stay and sever the third-party action.

## DISCUSSION

### I. HAAS'S MOTION FOR A STAY OF THE THIRD–PARTY ACTION

▮ As the United States Supreme Court has instructed, federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, .817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Even when there is a concurrent action in state court, the Supreme Court has ruled that " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....' " *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (quoting *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236). However, under exceptional circumstances, a federal district court may stay the federal proceeding if the existence of a concurrent state proceeding mandates a stay in order to achieve wise judicial administration. *See Cone,* 460 U.S. at 15, 103 S.Ct. 927. The circumstances under which a stay is granted must be "extraordinary and narrow." *Colorado River,* 424 U.S. at 813, 96 S.Ct. 1236. There exists a heavy presumption against staying the federal action. *See Cone,* 460 U.S. at 16, 103 S.Ct. 927.

▮ As set forth by the Court of Appeals for the Second Circuit, the factors relevant to determining whether to stay a federal action because of a parallel state action are:

(1) the assumption by either court of jurisdiction over any res,

(2) the inconvenience of the federal forum,

(3) the order in which jurisdiction was obtained,

(4) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction,

(5) the avoidance of piecemeal litigation, and

(6) whether state or federal law supplies the rule of decision.

*See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 327 (2d Cir.1986); *see also De Cisneros v. Younger,* 871 F.2d 305, 307 (2d Cir.1989); *Alliance of American Insurers v. Cuomo,* 854 F.2d 591, 602–03 (2d Cir.1988). In applying these factors, the Court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Cone,* 460 U.S. at 16, 103 S.Ct. 927.

▮ A careful balancing of these important factors militates against granting a stay in this case. The Court now analyzes each of the six factors set forth by the Second Circuit in *Bethlehem Contracting* in the context of this action.

### (1)(2) *The Assumption by Either Court of Jurisdiction Over any Res and the Inconvenience of the Federal Forum*

The Second Circuit has recommended the exercise of federal jurisdiction in cases where there is no question of res and the federal forum is equally convenient to all parties. *See De Cisneros,* 871 F.2d at 307; *see also Bethlehem Contracting,* 800 F.2d at 327. In the instant action, neither court has assumed jurisdiction over any property and the federal court is as accessible to the parties as the state court is. Therefore, the absence of these two factors in the moving party's favor "point[s] toward exercise of federal jurisdiction." *De Cisneros,* 871 F.2d at 307.

### (3) *The Order in Which Jurisdiction Was Obtained*

▮ As noted in the Background section of this Opinion, the state action against Haas was initiated by Hatfield prior to the filing of the Complaint in the instant action. However, the relative progress of the two actions in two separate forums, rather than the mere order of filing, determines whether this factor favors staying an action. *See Cone,* 460 U.S. at 21, 103 S.Ct. 927. Priority of the actions "should not be measured exclusively

by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.; see also Zemsky v. City of New York,* 821 F.2d 148, 153 (2d Cir.1987); *Prudential Securities Inc. v. Arain,* 930 F.Supp. 151, 158 (S.D.N.Y. 1996) (holding that a "pragmatic, flexible" approach to the priority factor avoids "too mechanical a reading" of the order of filing and incorporates how much progress has been made in the two actions); *Congress Talcott Corp. v. Roslin,* No. 95 Civ. 7698, 1996 WL 499337 (S.D.N.Y. Sept.4, 1996) (holding that this factor "does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms of how much progress has been made in the two actions.' "); *Federal Deposit Insurance Corp. v. Four Star Holding Co.,* No. 97 Civ. 4184, 1998 WL 205323 (S.D.N.Y. Apr.24, 1998).

In comparing the relative progress of the two proceedings at issue here, it is evident that the instant action has progressed far more rapidly than the state action for legal malpractice has. In the primary federal action, Herz has answered Hatfield's Complaint and commenced a third-party action. Discovery has commenced, as the parties have exchanged documents, served interrogatories, and scheduled depositions. *See* Affirmation of Matthew F. Schwartz on Behalf of Herz at 2. As Herz asserted as an affirmative defense that third parties were responsible for Hatfield's loss, evidence concerning Haas's actions necessarily has been implicated in discovery. The state action against Haas, on the other hand, has not advanced far beyond filing.[1] Thus, the instant action has progressed ahead of the state action, negating "the clearest of justifications" for staying the federal action. *Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236. Therefore, the third factor of the six-factor test militates against staying this action.

### (4) *Whether the State Court Proceeding Will Adequately Protect the Rights of the Party Seeking to Invoke Federal Jurisdiction*

The state court proceeding would not adequately protect Herz's rights because he is not a party to that action. Haas claims that the state court proceeding will adequately protect Hatfield's rights and therefore that the fourth factor is not at issue here. However, the party invoking federal jurisdiction is Herz, third-party plaintiff, who is not a party to the state court action and thus is unable to represent himself in the state action. Hence, the fourth factor militates against staying the instant action.

### (5) *The Avoidance of Piecemeal Litigation*

■■ Without a concurrent proceeding in the state forum, there cannot be any "inconsistent and mutually contradictory determinations." *De Cisneros,* 871 F.2d at 308. Therefore, to demonstrate that a stay is required in order to avoid piecemeal litigation, the moving party must show that there is a concurrent proceeding at the state court level. The fact that federal and state proceedings might overlap in certain aspects is not, in and of itself, sufficient to constitute concurrence. *See Alliance of Am. Insurers,* 854 F.2d at 603 (holding that two actions might not be concurrent despite some overlap in subject matter and noting that "differences in parties and issues are strong factors against invoking exceptional circumstances"). It is entirely possible for distinct causes of action in the state and federal forums to arise out of a single set of events. *See Bethlehem Contracting,* 800 F.2d at 328. Moreover, concurrence requires identical parties, not just a "similarity of parties." *Id.; see also Alliance of Am. Insurers,* 854 F.2d at 603.

In this instance, there is no concurrent case proceeding at the state level. While the federal and state cases both arise out of the Miliken Action, neither the claims nor the parties in the two actions are identical. As an initial matter, Herz is not a party to the state court action. Moreover, Herz's third-party action against Haas for indemnification and/or contribution is not identical to the state claim by Hatfield against Haas for legal malpractice. Although both the state action

---

**1.** Haas's plans to move for a summary judgment in the state legal malpractice action do not factor into the Court's analysis of the relative progress of the two actions at this stage of the proceedings.

and the federal third-party action against Haas involve Haas's potential liability for Hatfield's loss, the third-party action in this case extends further, into the question of whether Herz is entitled to indemnification by Haas if Herz is found liable. This question is not addressed in the state action. Consequently, because the actions in the state and federal forums are not concurrent, there is no "potential . . . for inconsistent and mutually contradictory determinations." *De Cisneros,* 871 F.2d at 308 (internal quotation omitted). Therefore, it is unnecessary for this Court to speculate as to the outcome of the action against Haas in state court.[2]

Finally, the Court's desire to avoid piecemeal litigation and inconsistent determinations weighs only modestly in evaluating whether to grant a stay. *See King v. Hahn,* 885 F.Supp. 95, 98 (S.D.N.Y.1995). Taking all the above elements into account, the Court finds that this factor does not support Haas's request to stay the federal action.

### (6) *Whether State or Federal Law Supplies the Rule of Decision*

The mere existence of state law issues in a case does not mandate abstention nor a stay of the federal proceeding. While "state law provides the rule of decision in all diversity cases . . . only 'in some rare circumstances [may] the presence of state law issues weigh in favor of . . . surrender' of federal jurisdiction." *Bethlehem Contracting,* 800 F.2d at 328 (quoting *Cone,* 460 U.S. at 26, 103 S.Ct. 927); *see also Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co.,* 806 F.2d 411, 415 (2d Cir.1986). In order for a case to fall under this "rare circumstances" exception, the claim before the court must present "novel or unique issues of law." *Bethlehem Contracting,* 800 F.2d at 328. Although state law governs the claims in this diversity action, Haas has failed to demonstrate that this action presents novel or unique issues of state law that would require priority of a state court decision. Indemnification and contribution are familiar to the

state courts as well as to this Court. This Court need not wait for the state court's explication of these issues of state law before adjudicating Haas's liability.

In conclusion, Haas has failed to demonstrate that the six-factor test weighs in its favor. Therefore, Haas's motion to stay the third-party action is denied.

### II. HAAS'S MOTION FOR A SEPARATE TRIAL OF THE THIRD–PARTY ACTION

Severance is a "procedural device to be employed only in exceptional circumstances." *Marisol A. by Next Friend Forbes v. Giuliani,* 929 F.Supp. 662, 693 (S.D.N.Y. 1996). A federal district court has discretion to decide whether the circumstances of a case are sufficiently exceptional to warrant severance of a party or claim from an action. *See Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.1984); *see also German v. Federal Home Loan Mortgage Corp.,* · 896 F.Supp. 1385, 1400 (S.D.N.Y.1995). Under Rule 42(b) of the Federal Rules of Civil Procedure, a district court may order a separate trial of a third-party claim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P. 42(b). In deciding whether to apply Rule 42(b) to sever a claim, courts have considered the following four factors:

(1) whether the issues sought to be tried separately are significantly different from one another,

(2) whether the separable issues require the testimony of different witnesses and different documentary proof,

(3) whether the party opposing the severance will be prejudiced if it is granted, and

(4) whether the party requesting the severance will be prejudiced if it is not granted.

*German,* 896 F.Supp. at 1400.

In the instant case, Haas has failed to demonstrate that severance would avoid

---

2. In addition, even if the actions were concurrent, the risk of inconsistent findings is minimal. Regardless of which court first decides on Haas's liability, that decision would have preclusive effect on any future determination of Haas's liability as between Haas and all of the parties that participated either directly or in a de facto party

capacity. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 4416, §§ 4448–4465; *see also Giakoumelos v. Coughlin,* 88 F.3d 56, 59 (2d Cir.1996). Therefore, Haas's assertion that it may be subjected to inconsistent findings in state and federal court is without merit. ·

prejudice or result in significant judicial economy. The issues involved in the primary and third-party actions require overlapping testimonial and documentary evidence regarding Haas's potential liability for the failed appeal. In addition, Herz would be prejudiced by separate trials because he would be required to pursue the same claim twice (once as affirmative defense against Hatfield and once against Haas). Haas, on the other hand, would not be prejudiced by not having a separate trial for the third-party claim. Regardless of whether the third-party action is severed, Haas must defend itself against both Herz's suit for indemnification in this Court and Hatfield's claim in state court for legal malpractice.[3] Therefore, Haas's request for the severance of the third-party action is denied.

## CONCLUSION

For the reasons stated above, Haas's motion for stay and severance of the third-party action is HEREBY DENIED.

**SO ORDERED.**

---

3. Haas also claims that Hatfield is entitled to move his case forward with all deliberate speed, without the third-party action. However, Hatfield himself has not raised such a claim and it would be inappropriate for this Court to speculate as to Hatfield's views of what best serves his interests.