**COMPANIA EMBOTELLADORA DEL PACIFICO, S.A., Plaintiff,**

v.

**PEPSI COLA CO., Defendant.**

**No. 00 Civ. 7677(JSR).**

United States District Court, S.D. New York.

March 16, 2009.

Kenneth Andrew Caruso, Bracewell & Giuliani, LLP, Robert Yancy Lewis, Alexander Todd Linzer, Jennifer Freeman, Freeman Lewis LLP, New York, NY, for Plaintiff.

Louis M. Solomon, Michael Lazaroff, Proskauer Rose LLP, New York, NY, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

By letter dated March 5, 2009, defendant Pepsi Cola Company ("PepsiCo") moves to sever and stay its Second and Third Counterclaims against plaintiff Compania Embotelladora Del Pacifico, S.A. ("CEPSA"). CEPSA opposes. Upon consideration, the Court denies the motion.

The Second and Third Counterclaims seek, respectively, damages for CEPSA's alleged contractual failure to vigorously promote the Pepsi brand within its territory and a declaration that PepsiCo is one of CEPSA's largest creditors in Peruvian liquidation proceedings. *See* Answer and Counterclaims to the First Amended Complaint ("Ans.") ¶¶ 154–162. PepsiCo contends that these Counterclaims relate solely to CEPSA's wrongful termination and tort claims, which the Court dismissed on December 18, 2008, and seeks to pursue these claims only if CEPSA is ever allowed to pursue its now-dismissed claims or the related "mutual mistake" claim that is the subject of CEPSA's pending motion to amend.

■ A district court is permitted to "sever any claim against a party," Fed. R.Civ.P. 21, and "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir.1988). Severance is proper "when it will serve the ends of justice and further the prompt and efficient disposition of litigation." *T.S.I. 27, Inc. v. Berman Enterprises, Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987). However, the joinder of claims is "strongly encouraged," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and, concomitantly, severance should generally be granted only in "exceptional circumstances." *Hatfield v. Herz*, 9 F.Supp.2d 368, 373 (S.D.N.Y.1998) (citation omitted).

Here, given the close relationship between PepsiCo's Second and Third Counterclaims and CEPSA's remaining breach of contract claims, severance would only prolong the final resolution of this nearly decade-old action—a result that is neither in the interest of justice nor in furtherance of judicial economy.

■ As to the Second Counterclaim, even though PepsiCo contends that its Second Counterclaim and CEPSA's First Claim for Relief "are focused on entirely different contractual provisions and different responsibilities," PepsiCo Letter at 2, even a cursory reading of the pleadings demonstrates that these two claims are, in fact, closely related. Specifically, while PepsiCo alleges in the Second Counterclaim that CEPSA was responsible for substantial brand deterioration and a drop in PepsiCo's market share, CEPSA, in turn, alleges in its First Claim that PepsiCo was responsible for substantial brand deterioration and the resulting drop in market share. *Compare* Ans. ¶ 155 ("CEPSA was required under the EBA vigorously to protect and promote the Pepsi brand within its territory. CEPSA failed to do so"); *with* First Amended Complaint ¶ 110 ("Defendant breached this obligation [under the EBA] to maintain brand recognition"). In defending against CEPSA's First Claim for Relief, PepsiCo thus will likely have to argue that CEPSA's actions, not PepsiCo's, caused the alleged brand deterioration, and, indeed, PepsiCo's Twelfth Affirmative Defense alleges that any alleged default by PepsiCo was excused by CEPSA's own breaches. *See* Ans. ¶ 143. As such, CEPSA's First Claim for Relief and PepsiCo's Second Counterclaim are inextricably intertwined and will require overlapping if not identical proof, thus demonstrating that severance would in no way further the prompt or efficient disposition of this litigation.

■ As to the Third Counterclaim, PepsiCo has failed to offer any explanation for how its Third Counterclaim "relates" in any way to CEPSA's now-dismissed wrongful termination or tort claims, or for how this purported "relationship" warrants severance pending future proceedings. Indeed, to the contrary, the declaratory relief sought by PepsiCo—which centers on PepsiCo's purported status as "one of [CEPSA's] larger creditors ... in the insolvency/liquidation proceedings now pending against [CEPSA] in Peru," Ans. ¶ 161–bears a close and direct relationship to the parties' contractual relationship, the alleged breach of which gives rise to CEPSA's remaining claims. Considerations of judicial economy and efficiency strongly counsel against severance in such a situation.

Finally, it bears noting that discovery has been ongoing for nearly eight months with respect to all non-dismissed claims in this action, including PepsiCo's counterclaims. Tens of thousands of pages of documents have been produced, nine depositions have taken place, and both parties have served and responded to discovery requests concerning the Counterclaims. In such circumstances, severance would do nothing to promote judicial economy, convenience, or fairness, but would instead render nugatory the substantial time, effort, and resources that the parties have already devoted to litigating the instant claims.

Accordingly, for the foregoing reasons, PepsiCo's motion to sever and stay its Second and Third Counterclaims is hereby denied.

SO ORDERED.