178 F.3d 97
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
American Savings Bank, Plaintiff-Appellant,
v.
FOUR STAR HOLDING CO., Fours on Seventh LLC, 330 Acquisition
Co., John Does 1 thru 100, the latter names being fictitious
but intending to designate tenants and persons in possession
or persons having an interest in portions of the premises
described in the Complaint herein, Defendants-Appellees.
 Docket No. 98-6112.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 26, 1999.
Decided May 21, 1999.
 
 Joseph Aronauer, Morgenthau, Greenes, Goldfarb & Aronauer, P.C., New York, N.Y. (John C. Re, on the brief), for Plaintiff-Appellant.
 Charlotte Moses Fischman, Kramer, Levin, Naftalis & Frankel, New York, NY (Jeffrey W. Davis, on the brief), for Defendants-Appellees Four Star Holding Co. and Fours on Seventh LLC.
 Scott Krinsky, Backenroth & Grossman, New York, NY (Robert E. Grossman, on the brief), for Defendant-Appellee 330 Acquisition Co., LLC.
 Before: WALKER, POOLER and HEANEY[1], Circuit Judges.
 POOLER, Circuit Judge:
 
 
 1
 Plaintiff Federal Deposit Insurance Corporation ("FDIC") brought this mortgage foreclosure action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1315, asserting jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A), which provides for federal jurisdiction in cases to which FDIC is a party. The district court granted defendants' motion to abstain from hearing the case due to the pendency of a related state foreclosure action and dismissed the complaint. We first consider on this appeal whether the district court retained subject matter jurisdiction after FDIC transferred its interest in the subject property to a third party. We then turn to the argument raised by FDIC that the district court erred in abstaining in the federal action in favor of the state court proceedings. For the reasons that follow, we conclude that the district court retained subject matter jurisdiction but that the court erred as to abstention. We therefore vacate and remand to the district court.
 
 BACKGROUND
 
 2
 The basic facts of this case are not in dispute. On February 17, 1989, defendant Four Star Holding Corporation ("Four Star") delivered to American Savings Bank ("ASB") a mortgage on property located at 330 Seventh Avenue in New York, New York ("the property"), in the principal amount of $2,085,131.05, and simultaneously executed an agreement to consolidate the ASB mortgage with prior mortgages to form a single lien in the amount of $15,000,000. Pursuant to an agreement dated March 15, 1989, ASB assigned its entire right, title, and interest in the consolidated mortgage to John Hancock Mutual Life Insurance Company ("Hancock"). Under a participation agreement dated the same day, ASB bought back 50% of Hancock's interest in the loan, and Hancock and ASB agreed to share ownership of the mortgage "equally and ratably." In 1992, the New York State Superintendent of Banks appointed FDIC receiver of ASB, and FDIC assumed ASB's place in the participation agreement.
 
 
 3
 FDIC alleges that, beginning in August 1996, Four Star stopped making its monthly mortgage payments and thereby defaulted on the mortgage. On April 22, 1997, FDIC demanded that Hancock commence an action for the foreclosure of the consolidated mortgage. On June 6, 1997, after ten days had passed with no response from Hancock, FDIC filed this action pursuant to RPAPL § 1315, which allows a junior mortgage participant to commence and control a foreclosure action when the senior participant fails to do so. See N.Y. Real Prop. Acts. Law § 1315 (McKinney 1979). Although the case raises only state law issues, FDIC asserted federal jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A), which grants federal courts jurisdiction over suits to which the FDIC is a party.
 
 
 4
 On July 25, 1997, after offering FDIC the right of first refusal under the participation agreement, Hancock sold its share of the loan to defendant 330 Acquisition Company ("330 Acquisition"). Approximately two weeks after taking over Hancock's share, 330 Acquisition initiated a foreclosure action on the property in New York State court. 330 Acquisition did not name FDIC as a party to that action. On August 20, 1997, Four Star and 330 Acquisition entered into a stipulation in the state action in which Four Star agreed to make its payments and 330 Acquisition agreed not to seek foreclosure.
 
 
 5
 In September 1997, defendants moved for dismissal of the federal action for failure to state a claim. In the alternative, defendants sought an order of the district court abstaining from deciding the issues presented due to the pendency of the state foreclosure proceeding. Plaintiff cross-moved for appointment of a receiver. While the motions were pending, FDIC transferred its interest in the participation agreement to Regency Savings Bank ("RSB").
 
 
 6
 The United States District Court for the Southern District of New York (John F. Keenan, Judge ) granted defendants' abstention motion and dismissed as moot defendants' motion to dismiss and plaintiff's motion for appointment of a receiver. See FDIC v. Four Star Holding Co., No. 97-Civ. 4184, 1998 WL 205323 (S.D.N.Y. Apr.24, 1998). FDIC now appeals.
 
 DISCUSSION
 A. Subject matter jurisdiction
 
 7
 This case raises only questions of state law, and the sole basis for federal jurisdiction alleged in the amended complaint is 12 U.S.C. § 1819(b), which provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). We must first decide whether the district court retained subject matter jurisdiction over this case after FDIC transferred its interest in the subject property to RSB.[2] FDIC argues that because the court had jurisdiction over this case at the time the action was commenced, the transfer of its interest to RSB did not divest the court of jurisdiction. 330 Acquisition responds that once the transfer occurred, RSB was the true party in interest, and the federal jurisdictional provisions of Section 1819 no longer applied.
 
 
 8
 This case presents our first opportunity to review this jurisdictional question. The Fifth Circuit has held that federal subject matter jurisdiction pursuant to Section 1819 continues even when FDIC is no longer a party to the action. See Federal Sav. & Loan Ins. Corp. v. Griffin, 935 F.2d 691, 696 (5th Cir.1991). In Griffin, the Federal Savings & Loan Insurance Corporation ("FSLIC"), as receiver of a failed savings and loan, filed a state court action to recover money due on a promissory note. FSLIC removed the case to federal court pursuant to 12 U.S.C. § 1730(k) which, similar to Section 1819, provided for federal subject matter jurisdiction in cases to which FSLIC is a party. See 12 U.S.C. § 1730(k) (repealed 1989). After FSLIC's responsibilities were transferred by statute to FDIC, FDIC replaced FSLIC as receiver and was later voluntarily dismissed from the action. Addressing the defendant's motion to dismiss for lack of subject matter jurisdiction because FDIC was no longer a party, the Fifth Circuit held that jurisdiction was to be determined at time of removal and that a subsequent change in parties did not divest the court of jurisdiction. See Griffin, 935 F.2d at 696. The court concluded that the "policy reasons for insuring federal jurisdiction over cases involving the actions of failed thrifts continue when the FDIC is [no longer a party to the case]. A transferee from FSLIC or FDIC, as successor of their interests, is still entitled to the protection of federal courts...." Id. Moreover, the Supreme Court has recognized that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), and that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam).
 
 
 9
 "[A]dopting a rule which would make federal jurisdiction contingent on who owned an interest in certain property at a particular time 'could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation,' " CIT, Inc. v. 170 Willow Street Assoc., No. 93 Civ. 1201 CSH, 1997 WL 528163, at * 7 (S.D.N.Y. Aug. 26, 1997) (quoting Freeport-McMoRan, Inc., 498 U.S. at 428), and could also deter transactions by FDIC that presumably are in the public interest. We therefore hold that the transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction under Section 1819 and that the district court retained jurisdiction over this case notwithstanding the transfer of FDIC's interest in the property to RSB.[3]
 
 Abstention analysis
 
 10
 Abstention is an "extraordinary and narrow" exception to a federal court's duty to exercise its jurisdiction. See In re Joint E. and S. Dist. Asbestos Litig., 78 F.3d 764, 775 (2d Cir.1996) (quoting Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). The Supreme Court has recognized that courts should abstain from the exercise of jurisdiction "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colorado River, 424 U.S. at 813. The test for determining whether abstention is appropriate, first articulated in Colorado River, now requires examination of six factors: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir.1989). The test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Id.
 
 
 11
 We review the district court's decision to abstain for abuse of discretion. Burnett v. Physician's Online, Inc., 99 F.3d 72, 76 (2d Cir.1996) ("Colorado River abstention requires a consideration of factors that the district court is ordinarily better positioned than [the Court of Appeals is] to weigh and balance"). We have observed, however, that "[a]lthough the standard of review of a district court's decision to abstain is often described as an abuse-of-discretion standard, we have noted that in the abstention area that standard of review is somewhat rigorous." In re Joint E. and S. Dist. Asbestos Litig., 78 F.3d at 775 (internal quotation marks and citation omitted). ("[T]he district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved ... [and] ... there is little or no discretion to abstain in a case which does not meet traditional abstention requirements"). Id. (internal quotation marks omitted).
 
 
 12
 The district court held that the first Colorado River factor was neutral because "[n]either the state nor federal court ha[d] exercised jurisdiction over a res. " FDIC v. Four Star Holding Co., 1998 WL 205323, at * 3. The court added, however, that the stipulation in the state court action "militate[d] in favor of abstention because the state court ha[d] taken more steps towards exercising jurisdiction over the res than the federal court." Id. We disagree and conclude that the first prong of the Colorado River test is dispositive in this case and requires reversal.
 
 
 13
 A foreclosure action is an in rem proceeding. See Bowery Sav. Bank v. Meadowdale Co., 64 N.Y.S.2d 22, 23 (Sup.Ct.1942); cf. Chapin v. Posner, 299 N.Y. 31, 38, 85 N.E.2d 172 (1949) (referring to mortgage foreclosure action as "one in rem"). See also N.Y.C.P.L.R. 314, comment 314:3 (McKinney 1990) ("[a]n action to define title or other interest in property is in rem "); 55 Am.Jur.2d Mortgages § 630 (1996) ("[a]n action to foreclose a mortgage has been characterized as an action strictly in rem and quasi in rem ") (footnotes omitted). The Supreme Court has recognized that "in cases where a court has custody of property, that is, proceedings in rem or quasi in rem ... the state or federal court having custody of such property has exclusive jurisdiction to proceed." Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) (emphasis added). See also Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939) ("[I]f the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other."); 40235 Washington St. Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir.1992) (per curiam) (in an in rem or quasi in rem action, "the first prong of the Colorado River abstention test is dispositive. In proceedings in rem or quasi in rem, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed."). The district court erred in concluding that neither the state nor the federal court had taken jurisdiction over the res because the federal court acquired jurisdiction over the res upon commencement of the action. See Princess Lida, 305 U.S. at 466 ("[T]he principle ... that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well ... in suits ... where, to give effect to its jurisdiction, the court must control the property."). Because FDIC filed this action before 330 Acquisition commenced the state foreclosure action, the district court thereby had exclusive jurisdiction to proceed.
 
 
 14
 Moreover, although the first prong of the Colorado River analysis is dispositive, we note that an analysis of the remaining factors does not require a contrary result. In particular, in analyzing whether the rights of the federal plaintiff would be prejudiced by abstention, the district court concluded that they would not, stating, "[a]lthough it is possible that FDIC might be shut out of the state suit, FDIC overlooks the fact that it no longer has an interest in the Consolidated Mortgage." FDIC. v. Four Star Holding Co., 1998 WL 205323 at * 5. The district court's analysis fails to consider the fact that RSB, the true party in interest, is not a party to the state action. We therefore conclude that the district court erred as to abstention. We vacate and remand to allow the district court to consider the merits of defendants' motion to dismiss and FDIC's motion to appoint a receiver.
 
 CONCLUSION
 
 15
 For the reasons stated, the district court retained subject matter jurisdiction despite FDIC's transfer of its interest in the property. Moreover, the district court erred in its abstention analysis.
 
 
 16
 Vacated and remanded.
 
 
 
 [1]
 The Honorable Gerald W. Heaney, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [2]
 Although the parties did not brief the issue in their original submissions on appeal, the Court may examine subject matter jurisdiction, sua sponte, at any stage of the proceeding. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). In response to the Court's request at oral argument, the parties provided supplemental written submissions regarding subject matter jurisdiction
 
 
 [3]
 The district court concluded that the transfer to RSB had no effect on subject matter jurisdiction because no party had moved pursuant to Fed.R.Civ.P. 25(c) to substitute RSB and the action had proceeded with FDIC as the named plaintiff. We note, however, that based upon our holding today, such a substitution would not defeat subject matter jurisdiction