FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for American Savings Bank, Plaintiff,

v.

REGENCY SAVINGS BANK, F.S.B., as successor in interest to plaintiff Federal Deposit Insurance Corporation, as receiver for American Savings Bank, Appellant,

v.

Four Star Holding Co., Fours on Seventh LLC and 330 Acquisition Co., Defendants–Appellees,

John Does 1 Through 100, The latter names being fictitious but intending to designate tenants and persons in possession or persons having an interest in portions of the premises described in the complaint herein, Defendants.

Docket No. 00–6112.

United States Court of Appeals, Second Circuit.

Argued March 6, 2001.

Decided Nov. 1, 2001.

John C. Re, Aronauer, Goldfarb, Sills & Re, New York, NY, for Appellant.

Charlotte Moses Fischman, Kramer, Levin, Naftalis & Frankel, LLP, New York, NY, for Appellees.

Before WALKER, Chief Judge, OAKES and CALABRESI, Circuit Judges.

PER CURIAM.

Regency Savings Bank, F.S.B. ("Regency"), successor in interest to the Federal Deposit Insurance Corporation ("FDIC"), appeals from a March 7, 2000 judgment of the United States District Court for the Southern District of New York (John F. Keenan, *District Judge* ) granting a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) by defendants-appellants Four Star Holding Co., Fours on Seventh LLC and 330 Acquisition Co. Regency now concedes that the case is moot, leaving only the question whether we should simply dismiss the appeal or vacate the district court's judgment and remand with direction to dismiss the case for lack of jurisdiction. We take the latter course.

## BACKGROUND

This case has been before this court previously, and we assume familiarity with the Byzantine procedural background as described in our prior opinion. *See FDIC v. Four Star Holding Co.*, 178 F.3d 97 (2d Cir.1999). This action was commenced on June 6, 1997 by FDIC in an attempt to foreclose on a mortgage, a one-half interest in which was held by FDIC. Subsequently, Regency purchased FDIC's interest in the mortgage and has sought to prosecute the action in FDIC's stead.

On April 24, 1998, the district court granted motions by the mortgagee, appellee Four Star Holding Co. ("Four Star"), and the holder of the other half of the mortgage, appellee 330 Acquisition Co., to dismiss FDIC's foreclosure action on abstention grounds, citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *See FDIC v. Four Star Holding Co.*, No. 97 Civ. 4184(JFK), 1998 WL 205323, at \*2–5 (S.D.N.Y. April 24, 1998). Regency appealed, and we vacated and remanded on the grounds that the federal foreclosure action was an *in rem* action, and the district court had exclusive jurisdiction over the *res*. *See FDIC*, 178 F.3d at 101–02 (citing *Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)).

On remand from this court, the district court granted 330 Acquisition's motion to dismiss under Fed.R.Civ.P. 12(b)(6). In a March 7, 2000 order, the district court concluded that the mortgage agreement entered into by FDIC and 330 Acquisition's predecessors in interest allowed only 330 Acquisition to foreclose on the mortgage and denied as moot a motion by Regency to substitute itself for FDIC. *See FDIC v. Four Star Holding Co.*, No. 97–Civ. 4184(JFK), 2000 WL 256146 (S.D.N.Y. March 7, 2000).

In the meantime, on January 27, 2000, appellee Fours on Seventh LLC, which had acquired real title to the mortgaged property from Four Star, filed for Chapter 11 bankruptcy protection. A reorganization plan was filed in March 2000, and the Bankruptcy Court entered an order confirming the plan and declaring that Regency was not a creditor. The court nonetheless placed $12.9 million (the amount of the mortgage plus some disputed interest) in escrow pending the outcome of litigation. Regency appealed the order to the district court. While the case was before the district court on appeal, the bankruptcy plan was consummated: Fours on Seventh transferred its assets and liabilities to a reorganized debtor, Super Nova 300 LLC,

and 330 Acquisition assigned the mortgage to a new lender. The district court thus declared Regency's appeal to be moot. *See Regency Sav. Bank, F.S.B. v. Fours on Seventh, LLC (In re Fours On Seventh, LLC),* 251 B.R. 784 (S.D.N.Y.2000). Regency did not appeal to this court from the district court's order.

On March 30, 2000, Regency filed a notice of appeal from the district court's dismissal on the merits in FDIC's foreclosure action. We denied Regency's motion to expedite the appeal and deferred consideration of its motion to substitute itself for FDIC. We later denied a motion by 330 Acquisition to dismiss the appeal as moot. After the district court's dismissal of Regency's bankruptcy appeal, 330 Acquisition renewed the motion, which is still pending.

### DISCUSSION

Regency now concedes that this case is moot, because the consummation of the bankruptcy plan eliminated the present parties' interests in the mortgage on which FDIC and Regency had sought foreclosure. Accordingly, there is no longer a live dispute between the parties constituting a "case or controversy" requisite to our jurisdiction under Article III of the United States Constitution. *See New Eng. Health Care Employees Union, Dist. 1199 v. Mount Sinai Hosp.,* 65 F.3d 1024, 1029 (2d Cir.1995). We nevertheless decline to dismiss the appeal outright, as requested by appellees. Instead, we vacate the district court's judgment and remand with direction to dismiss in the district court for lack of jurisdiction.

■ In deciding "[w]hether we vacate the district court's judgment or simply dismiss the appeal, leaving the district court's judgment intact," *Russman v. Bd. of Educ.,* 260 F.3d 114, 120 (2d Cir.2001), we look to see whether "the equities preponderate against vacatur," *id.* If the appel-

lant has taken action depriving us of continuing jurisdiction over the case, under circumstances that suggest an intention to do so, the appellant is deemed to have forfeited the benefit of the equitable remedy of vacatur of the judgment of the lower court. *See id.* at 120. The appellant's fault in causing mootness is thus the touchstone of our analysis. *See id.* (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)).

■ Appellees argue that Regency has "voluntary forfeited" or "surrender[ed its] claim to" vacatur, *U.S. Bancorp,* 513 U.S. at 25, 115 S.Ct. 386, by failing to appeal the bankruptcy plan. We disagree.

Appellees draw our attention to the case of *Karcher v. May,* 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987), in which a party's failure to appeal was the cause of mootness and foreclosed vacatur. We find *Karcher* to be inapposite. In *Karcher,* the Supreme Court refused to vacate when the appeal became moot because the state officers who were the real plaintiffs in interest failed to prosecute the appeal. *See id.* at 83, 108 S.Ct. 388. The certiorari petition had been filed by the former presiding officers of the New Jersey Assembly, who had been in office during the litigation below, but who had left office before the decision by the Supreme Court. The Court concluded that the real parties in interest were the individuals who had succeeded to their offices. Those in office at the time of decision had failed to pursue the appeal, thus rendering the appeal moot. Because they had voluntarily failed to prosecute the appeal, they forfeited the benefits of vacatur.

■ In *Karcher,* the mootness was squarely the fault of the parties that neglected to appeal: failure of a party in interest to appeal an action by definition

moots *that* action. The instant case, on the other hand, involves the failure to appeal a decision in a different case in a different forum. We cannot be certain that, had Regency appealed to this court in the bankruptcy proceeding, it would have obtained a favorable order that would have prevented this case from becoming moot. Accordingly, we cannot conclude that, but for Regency's failure to appeal, the case would not be moot. We believe that, at a minimum, such causation in fact is necessary to hold that a party is at fault for a case's mootness.

Moreover, we are reluctant to adopt a rule that would punish a party for actions taken (or not taken) in litigation in a different forum and involving different, albeit overlapping, issues. We hesitate to require that parties before this court prosecute unnecessary or even potentially frivolous appeals in this or other courts simply to prevent a different case from becoming moot.

In sum, we do not believe that Regency was sufficiently "at fault" for causing the appeal's mootness to conclude that it has "voluntarily forfeited," *U.S. Bancorp*, 513 U.S. at 25, 115 S.Ct. 386, the benefits of vacatur.

## CONCLUSION

For the foregoing reasons, we vacate the district court's judgment and remand with direction to dismiss the case for lack of jurisdiction. 330 Acquisition's motion to dismiss the appeal as moot is therefore denied, and Regency's motion to substitute itself for FDIC is denied as moot.