**In re WORLDCOM, INC. SECURITIES LITIGATION**

**No. 02 Civ. 3288(DLC).**

United States District Court, S.D. New York.

May 20, 2003.

William S. Lerach, Darren J. Robbins, Michael J. Dowd, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, for Milberg Weiss Actions.

Paul Curnin, Simpson, Thacher & Bartlett, New York City, for Director Defendants.

Jay B. Kasner, John Gardner, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, for Underwriter Defendants.

## OPINION & ORDER

COTE, District Judge.

This Document Relates to: ALL ACTIONS ·

This Opinion addresses a third attempt by Milberg Weiss Bershad Hynes & Lerach ("Milberg Weiss"), to return to state court individual lawsuits filed by forty-one pension funds ("Milberg Weiss Actions") arising from their investments in WorldCom, Inc. ("WorldCom"). For the reasons discussed below, the motion for remand is again denied.

The collapse of WorldCom gave rise to numerous lawsuits against the company and those associated with it. Class action lawsuits asserting claims arising under the federal securities laws were filed in this district and were sent to this district by the Judicial Panel on Multi–District Litigation ("MDL"). In August 2002, the class actions were consolidated and lead plaintiff's counsel was appointed. During the same period, lawsuits asserting individual rather than class claims were filed across the country ("Individual Actions"). Many of the Individual Actions pleaded claims arising under the Securities Act of 1933 and were brought in state courts. As defendants removed the Individual Actions to federal court on the theory that they were related to WorldCom's bankruptcy, the MDL panel transferred those actions pending outside the Southern District of New York to this Court. The removal and transfer of the Individual Actions is ongoing and, in some cases, contested.

Upon removal, certain plaintiffs in the Individual Actions contended that federal subject matter jurisdiction did not exist over their actions. The New York City Employees' Retirement System ("NY-CERS") moved to remand its action to state court. NYCERS's complaint alleged violations of the 1933 Act and common law fraud arising out of the purchase of World-Com securities from 1999 through June 2002. Milberg Weiss sought and received permission to intervene in NYCERS's remand motion on behalf of forty-one pension fund plaintiffs it represented [1] so that their arguments could be heard on an expedited basis. Milberg Weiss argued that federal subject matter jurisdiction was lacking and that its forty-one actions should be remanded to the state courts in which they were filed. With the understanding that its clients would be permitted to intervene, Milberg Weiss had agreed to withdraw its objection to the MDL panel's November 2 Conditional Transfer Order. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. at 315 n. 11.

On March 3, this Court issued an Opinion denying NYCERS's motion to remand and fully addressing and rejecting the arguments made on behalf of the Milberg Weiss Actions. *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308 (S.D.N.Y.2003) ("March 3 Opinion"). The March 3 Opinion held that the action was properly removed under Section 1452 of Title 28 of the United States Code ("Section 1452") because there was federal jurisdiction over the action as "related to" WorldCom's bankruptcy estate pursuant to Section 1334 of Title 28 of the United States Code ("Section 1334").

By Order dated March 3 ("March 3 Order"), any plaintiff, other than the plaintiffs in the NYCERS action, was permitted to show cause by March 21 why the March 3 Opinion did not require the denial of any motion to remand that they had timely filed. The briefing in response to the March 3 Order was ordered to be complet-

---

1. California Public Employees Retirement System, California State Teachers Retirement System, Los Angeles County Employees Retirement System, State Universities Retirement System of Illinois, Board of Trustees of the Teachers Retirement System of the State of Illinois, Illinois State Board of Investment, West Virginia Investment Management Board, Washington State Investment Board, Alameda County Employees' Retirement Association, Alameda–Contra Costa Transit Employees' Retirement Plan, City of South San Francisco, Contra Costa County Employees' Retirement Board, Imperial County Board of Retirement, Mendocino County Employees' Retirement Association, Oakland Fire and Police Retirement System, Sacramento County Employees' Retirement System, Sacramento Regional Transit District Contract Employees' Retirement Plan, Sacramento Regional Transit District Salaried Employees' Retirement Plan, San Bernardino County Employees' Retirement Association, San Diego County Employees' Retirement Association, San Diego City Employees' Retirement System, San Francisco City and County Employees' Retire-

ment System, Sonoma County Employees' Retirement Association, Tulare County Employees' Retirement Association, Ventura County Employees' Retirement Association, Screen Actors Guild–Producers Pension and Health Plans, Directors Guild of America–Producers Pension and Health Plans, Motion Picture Industry Pension Health Plans, Motion Picture Industry Individual Account Plan, Producers–Writers' Guild of America Pension Plan, Writers' Guild–Industry Health Fund, IATSE Local # 33 Pension Trust, Air Conditioning & Refrigeration Industry Retirement Trust Funds, Sheetmetal and Workers Pension Plan of Southern California, Arizona and Nevada, Montana Board of Investments, State of Wisconsin Investment Board, City of Milwaukee Employees Retirement System, United Food and Commercial Workers Union Local 880–Retail Food Employers Joint Pension Fund, United Food and Commercial Workers Union Local 880–Mercantile Employers Joint Pension Fund, United Food and Commercial Workers Union–Employer Pension Fund, and United Food and Commercial Workers Union–Employer Health and Welfare Fund.

ed by April 11. On March 20, Milberg Weiss filed a response to the March 3 Order on behalf of the forty-one Milberg Weiss Actions identified in its December 6 submission requesting permission to intervene in NYCERS's remand motion. Since each of the arguments raised in Milberg Weiss's March 20 submission merely reargued issues fully presented in its briefs filed in connection with NYCERS's motion, on April 2 this Court issued an Order stating that it would notify the parties if a response were necessary. On May 5, 2003, this Court issued an Opinion and Order finding that nothing in Milberg Weiss's March 20 submission required reconsideration of the March 3 Opinion, and denying the motion to remand by the Milberg Weiss Actions.

On April 25, Milberg Weiss submitted an untimely supplement to its March 20 submission. Milberg Weiss argues that remand is now appropriate in light of the filing on April 14, 2003, of WorldCom's Plan of Reorganization ("Plan") and Disclosure Statement with the United States Bankruptcy Court. It contends that this Court's federal subject matter jurisdiction will be extinguished in August 2003, when it predicts that WorldCom's Plan will be confirmed. It argues that the confirmation of the Plan will divest this Court of "related to" jurisdiction because the Plan is likely to limit the defendants' ability to recover from the estate on their indemnification and contribution claims. In the alternative, Milberg Weiss argues again that this Court should abstain from exercising jurisdiction over its actions.

### Discussion

■ As the Supreme Court and the Second Circuit have recognized, "the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Federal Deposit Ins. Corp. v. Four Star Holding Co.,* 178 F.3d

97, 100 (2d Cir.1999) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)); *see also LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir.2001). "[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

■ Although the Second Circuit standard for "related to" jurisdiction requires a court to determine whether an action will have "any conceivable effect" on the bankruptcy estate, *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 114 (2d Cir.1992), it does not require federal district courts constantly to revisit jurisdictional findings to determine whether the effect of the litigation on the bankruptcy estate remains "conceivable." Instead, federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis the facts at the time of removal. *See In re Bissonnet Invs. LLC,* 320 F.3d 520, 525 (5th Cir.2003); *In re Celotex Corp.,* 124 F.3d 619, 626 (4th Cir.1997); *In re Toledo,* 170 F.3d 1340, 1346 n. 8 (11th Cir.1999).

Although the Second Circuit has not squarely addressed this issue in the context of Section 1334 jurisdiction, its reasoning in *Four Star Holding* is instructive. *See Four Star Holding,* 178 F.3d at 100–01. In that case, the sole basis for federal jurisdiction alleged in the complaint was 12 U.S.C. § 1819(b), which provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." *Id.* at 100. The FDIC invoked federal jurisdiction because it held the assets in question at the time the complaint was filed, but while the litigation was pending, the

FDIC transferred its interest in the property to a third party. *Id.* Defendants then argued that because the transfer of assets removed the FDIC from the action, federal jurisdiction no longer existed. The Second Circuit rejected this argument and held "that the transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction." *Id.* The court explained that "[a]dopting a rule which would make federal jurisdiction contingent on who owned an interest in certain property at a particular time could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation." *Id.* at 100–01.

Similarly, adopting a rule that would divest federal courts of subject matter jurisdiction over actions "related to" a bankruptcy estate as the confirmation of the reorganization plan grew near would create perverse incentives for the parties to engage in delay and gamesmanship in both the bankruptcy reorganization and the related litigation. Even if the Plan is confirmed and the bankruptcy case dismissed, this Court will retain jurisdiction. *Cf. In re Porges,* 44 F.3d 159, 162 (2d Cir.1995) ("the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement").

Since federal subject matter jurisdiction existed at the time of removal, when that determination is appropriately made, it is not necessary to address the arguments regarding the likelihood of successful confirmation of the Plan. Nor is it necessary to address Milberg Weiss's arguments on abstention. The March 3 Opinion fully addressed the abstention arguments, and the April 25 submission presents no persuasive reason to revisit that analysis now.

*Conclusion*

The renewed motion by the Milberg Weiss Actions to remand or abstain is denied.

SO ORDERED.