Mary SITGRAVES, Plaintiff,

v.

The FEDERAL HOME LOAN MORT-GAGE CORPORATION (a.k.a. "Freddie Mac") and Bank of America, N.A., Defendants.

17 Civ. 2157 (LLS)

United States District Court, S.D. New York.

Signed September 15, 2017

Susan Pepitone, Esq., Forest Hills, NY, for Plaintiff.

Heather Elizabeth Saydah, Esq., Winston & Strawn LLP, New York, NY, for Defendants.

## OPINION & ORDER

Louis L. Stanton, United States District Judge

Defendants Bank of America, N.A. ("BANA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") move that this Court abstain from hearing Ms. Sitgraves' challenges to the enforcement of the subject note and mortgage on the basis of the factors in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). For the following reasons, the motion is granted.

## BACKGROUND

On May 15, 2007, Ms. Sitgraves borrowed $615,700.00 from BANA for a mortgage on the subject property. Compl. ¶ 8. On June 25, 2007, BANA recorded the mortgage with the New York County Department of Finance, Office of the City Register. Id. ¶ 9. Ms. Sitgraves subsequently faced financial hardship and defaulted on her mortgage repayment obligations in or about 2009. Id. ¶ 10. On August 30, 2010, BANA filed a judicial foreclosure action in the Supreme Court of the State of New York, New York County, which was disposed of (Ms. Sitgraves claims erroneously) on July 3, 2013. See Bank of Am., N.A. v. Sitgraves, Index No. 651405/2010 (Doc. No. 120) (N.Y. Sup. Ct. July 3, 2013).

Ms. Sitgraves filed the instant action on March 24, 2017. Before she had served any of the defendants in this action, on April 3, BANA filed a foreclosure action in the New York County Supreme Court. See Bank of Am., N.A. v. Sitgraves, Index No. 850086/2017 (Doc. No. 1) (N.Y. Sup. Ct. Apr. 3, 2017) (the "State Action"). On June 21, 2017, Ms. Sitgraves filed a Verified Answer with Counterclaims in the State Action, see id. (Doc. No. 13), where the note and mortgage remain at issue.

In this Court, Ms. Sitgraves argues that BANA and Freddie Mac cannot enforce the note and mortgage on the subject property, based primarily on the claim that under New York State Real Property Actions and Proceedings Law § 1515 the statute of limitations for enforcement of the mortgage has expired. Ms. Sitgraves also seeks damages based on claims for fraud, civil conspiracy to commit fraud, aiding and abetting fraud, breach of the

duty of good faith and fair dealing, and violating New York's Deceptive Practices Act. These are the same claims as she asserts in the New York State court.

## DISCUSSION

In Colorado River, the Supreme Court determined that a federal court may decline to proceed with a case, which is properly before it, when parallel litigation is pending in a state court. There must be "exceptional circumstances," based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 813, 817–18, 96 S.Ct. 1236 (quoting Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). The Supreme Court delineated criteria for the dismissal of a federal matter in favor of parallel state proceedings, see Colorado River, 424 U.S. at 817–19, 96 S.Ct. 1236; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23–27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), which is a decision that "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction" (i.e., against abstention). Moses H. Cone Mem'l Hosp., 460 U.S. at 16, 103 S.Ct. 927.

### A. The State and Federal Actions Are Parallel

■ "[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River." Dittmer v. Cnty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (quoting Dittmer, 146 F.3d at 118) "Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." Abe v. New York Univ., No. 14 Civ. 9323 (RJS), 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016) (citing Shields v. Murdoch, 891 F.Supp.2d 567, 577 (S.D.N.Y. 2012)).

■ This action and the New York State Action are parallel. The issues are the same in both actions—whether BANA may enforce the subject note and mortgage. Ms. Sitgraves asserts the same claims in this action as she does in the State Action. Compare Compl. (Dkt. No. 1) with Saydah Aff. Ex. B (Dkt. No. 15–4). Although she argues the actions are not parallel because Freddie Mac is a party here but not in the State Action, she cannot contest that BANA is substantially the same as Freddie Mac. There is a substantial likelihood that the State Action will dispose of all claims raised in the instant action.

### B. Colorado River Factors

■ The four factors which the Supreme Court identified in Colorado River are: (1) whether the state or federal court has assumed jurisdiction over a case, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the concurrent forums obtained jurisdiction. Colorado River, 424 U.S. at 818–19, 96 S.Ct. 1236. In a later case, the Supreme Court identified two more elements: (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the parties' rights. Moses H. Cone Mem'l Hosp., 460 U.S. at 23–26, 103 S.Ct. 927.

### 1. Jurisdiction over a *Res*

The first factor counsels in favor of abstention. The New York State court has jurisdiction * over the *res*, the property, which is located in New York. The New York courts are thoroughly familiar with real estate foreclosures. This Court has taken no action to assert preemptive jurisdiction over the *res*.

### 2. Convenience

Where the federal forum and the state forum are equally convenient, the second factor counsels against abstention. See Vill. of Westfield v. Welch's, 170 F.3d 116, 122 (2d Cir. 1999); Jenkinson v. Baptiste-Bruno, No. 16 Civ. 4519 (AJP), 2016 WL 7377234, at *4 (S.D.N.Y. Dec. 20, 2016). While this Court and the New York State court are physically equally convenient forums, because "the state and federal courthouses in New York City are next-door neighbors," Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 210 (2d Cir. 1985), this property has been in litigation in the New York court since 2010.

### 3. Piecemeal Litigation

The danger of piecemeal litigation is the "paramount consideration" in the abstention analysis. See Moses H. Cone Mem'l Hosp., 460 U.S. at 19, 103 S.Ct. 927; Arkwright–Boston, 762 F.2d at 211. If "[m]aintaining virtually identical suits in two forums under these circumstances would waste judicial resources and invite duplicative effort," the "avoidance of piecemeal litigation is best served by leaving these suits in the state court." Arkwright–Boston, 762 F.2d at 211. The danger of piecemeal litigation "is that a potential exists for 'inconsistent and mutually contradictory determinations.'" Jenkinson, 2016 WL 7377234, at *4 (quoting De Cisneros v. Younger, 871 F.2d 305, 308 (2d Cir. 1989)). Avoidance of piecemeal litigation weighs in favor of abstention where a party's claims in the federal action "can and should be handled as a defense to the foreclosure claim." Bromfield v. Lend–Mor Mortg. Bankers Corp., No. 3:15 Civ. 1103 (MPS), 2016 WL 632443, at *5 (D. Conn. Feb. 17, 2016) (citing Wenegieme v. Bayview Loan Servicing, No. 14 Civ. 9137 (RWS), 2015 WL 2151822, at *3 (S.D.N.Y. May 7, 2015), appeal dismissed (Aug. 27, 2015)).

This litigation over the enforcement of the note and mortgage belongs in the foreclosure action in the State Supreme Court. All of Ms. Sitgraves' claims in the instant action have already been raised as defenses to BANA's foreclosure claim in that State Action. Abstention from this action would avoid, rather than create, piecemeal litigation.

### 4. Order of the Actions and Relative Progress

"In terms of the order in which the actions were filed, 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" Jenkinson, 2016 WL 7377234, at *6 (citing Moses H. Cone Mem'l Hosp., 460 U.S. at 21, 103 S.Ct. 927)). In Colorado River, the Supreme Court found significant "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." 424 U.S. at 820, 96 S.Ct. 1236.

In the State Action, Ms. Sitgraves filed a Verified Answer with Counterclaims on June 21, 2017, BANA filed a Motion to

---

* F.D.I.C. v. Four Star Holding Co., 178 F.3d 97 (2d Cir. 1999), does not require a different result. The Federal Deposit Insurance Corporation ("FDIC") brought that mortgage foreclosure proceeding, asserting "federal jurisdiction in cases to which FDIC is a party." Id. at 99. Here, only private interests are involved.

Extend Time to Answer Defendant's Counterclaims August 23, 2017, which Ms. Sitgraves opposed on September 6, 2017. In this case, there has been no activity except the filing of this motion for abstention.

### 5. Whether Federal Law Provides the Rule of Decision

The fifth factor—which forum provides the substantive rule of decision—weighs toward abstention. The State law provides the rule of decision. Ms. Sitgraves' claim to quiet title arises under New York State law. Moreover, New York State courts routinely handle claims related to New York State Real Property Actions and Proceedings Law § 1515 and enforceability of a note or mortgage. The state court is particularly well suited to decide the issue presented in this case.

### 6. Adequacy of State Proceedings to Protect Federal Rights

The sixth factor is whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone Mem'l Hosp., 460 U.S. at 28, 103 S.Ct. 927. There is no reason to think that the New York State court hearing the pending State Action will not protect Ms. Sitgraves' rights. It is thoroughly familiar with such litigation, and a fully adequate forum for adjudication of the parties' rights.

### CONCLUSION

Even if Ms. Sitgraves amended her complaint to add a federal statutory claim, as she requests, the mortgage foreclosure issues should be determined in the state, rather than this, court.

Defendants BANA's and Freddie Mac's motion to dismiss pursuant to the Colorado River abstention doctrine (Dkt. No. 15) is granted and the complaint is dismissed without prejudice.

So ordered.